JAMES WIGGINS v. ROBERT HOUGHTON AND A QUANTITY OF SAW-LOGS, ETC., AND JAMES CONNOLLY, JOHN T. ROSS, AND FRANK ROSS, INTERVENING OWNERS.

*Log-lien law—Affidavit—Jurisdiction—Joinder of claims.*

Certain provisions of the log-lien law of 1887 are construed as follows:

    *a*—The failure of the affidavit for attachment to show when the last day's labor of each of several claimants, who have

joined in the proceedings, was performed, is not ground for objection, where such fact is shown by the testimony on the trial and by the statements of lien, all of which were filed within thirty days from said date. *Pack v. Circuit Judge,* 70 Mich. 135.

*b*—An averment in such affidavit that a statement of lien required by law had been filed on a specified date with the clerk of the county where the labor was performed sufficiently shows such filing.

*c*—Such affidavit need not show who is the owner of the logs upon which a lien is claimed. *Babcock v. Cook,* 55 Mich. 1, 7; *Shaw v. Bradley,* 59 Id. 199; *Reilly v. Stephenson,* 62 Id. 509, 515.

*d*—The statements of lien are as much a part of the proceeding, and just as essential, as the affidavit for attachment, and if the two, taken together, show that the claims of several claimants who have joined in the proceeding are each less than $100, it is sufficient to give the court jurisdiction, although it would be better practice to show this fact in the affidavit as well as in the statements.

*e*—It is competent for any number of persons having claims less than $100 to appoint as their agent one of the number of claimants against the same products, notwithstanding his claim may exceed $100, and he might, if such appointment were not made, prosecute his lien alone.

Error to Chippewa. (Steere, J.) Submitted on briefs October 27, 1891. Decided December 23, 1891.

Log-lien suit. Defendant log-owners bring error. Affirmed. The facts are stated in the opinion.

*McKnight, Humphrey & Grant,* for appellants.

*E. S. B. Sutton,* for plaintiff.

MORSE, J. This is a proceeding under the log-lien statute in the circuit court for the county of Chippewa, in which the plaintiff recovered judgment against the principal defendant, Robert Houghton, and a lien upon the logs, for the sum of $367.96.

Wiggins commenced this suit in behalf of himself and Thomas Howie, Archie Hall, Michael Meagher, and

George Baynes. Wiggins was appointed the agent of the others to prosecute their claim by the following instrument, produced and proven on the trial:

"We, the undersigned, having filed a statement and claim of lien on a certain quantity of saw-logs and timber reported to be owned by James Connolly, of Marquette, Michigan, with the clerk of Chippewa county, Michigan, and each of our claims for labor, etc., is less than one hundred dollars, and for the purpose of prosecuting our claim in the circuit court for Chippewa county, we do hereby designate and appoint James Wiggins, one of our number, our agent for prosecuting our said liens, or any suit necessary to enforce the same, in his name, and as fully as we, or each of us, could or might do.

"Dated on this 1st day of May, 1890.

"THOMAS HOWIE.
"ARCHIE HALL.
"MICHAEL MEAGHER.
"GEORGE BAYNES."

A separate statement of lien was filed in each case by Wiggins. The following is the statement in Meagher's case. The others used the same, except as regards the name of the claimant.

"STATE OF MICHIGAN, } ss.:
"County of Chippewa, }

"James Wiggins, of Marquette, in the county of Marquette, and State aforesaid, being first duly sworn, deposes and says that he is agent for and makes this statement of lien for work and labor performed by Michael Meagher, and this statement is made for and in behalf of said Michael Meagher in hauling and laboring, and in working in and about the following described property, to wit, a quantity of board timber and boom timber and saw-logs. All of said timber and saw-logs are marked with the sign as follows, R, and gotten out by Robert Houghton, and reputed to be owned by James Connolly, of Marquette, Michigan; and said property is now situate in sections 27 and 35, in town 45 north, of range 7 west.

"That the last day's work of said labor was done on the 5th day of April, 1890; that Michael Meagher actually

did said work and labor, and the same was performed in the county of Chippewa, in said State, and that the same described property, or considerable portion thereof, is now in the county of Chippewa, State of Michigan; that there is now due this Michael Meagher, claimant, for said work and labor, so as aforesaid by him done and performed, over and above all legal set-offs, the sum of forty-five dollars ($45.00), as near as may be, for which said sum this deponent claims a lien upon said described property; and this deponent has personal knowledge of the facts herein set forth.

"JAMES WIGGINS, Claimant.

"Subscribed and sworn to before me this 2d day of April, 1890.

"A. DONALDSON,
"Notary Public in and for Chippewa County."

They were all filed in the county clerk's office on the 12th day of April, 1890. These statements showed the claim of Wiggins to be $397.82. The others were each less than $100. On the trial Wiggins remitted all of his claim except $99.50, and was permitted to have judgment to that amount for his labor, against the objection and exception of the intervening defendants. The affidavit for attachment was made May 5, 1890, and is as follows:

"STATE OF MICHIGAN, ｝ ss.:
"County of Chippewa, ｝
"Thomas J. Martin, being duly sworn, deposes and says that he makes this affidavit for and in behalf of James Wiggins, and says that defendant in the annexed writ is indebted to James Wiggins, plaintiff named in the writ, in the sum of five hundred sixty-six and 28-100 dollars, as near as may be, over and above all legal set-offs, and the same is now due for work and labor performed by James Wiggins, Thomas Howie, Michael Meagher, George Baynes, and Archibald Hall, in scaling, hauling, swamping, time-keeping, and working in and about the property mentioned in the annexed writ, and that James Wiggins has been designated the agent of Thomas Howie, Michael Meagher, George Baynes, and Archibald Hall by each of said parties for the prosecution of their said liens; that the last day's work of said labor was done on the 5th day of April, 1890; and that the said property

described in the annexed writ, or a portion thereof, is now situate in the county of Chippewa, State of Michigan; and that a statement of lien required by law was on the 12th day April, 1890, duly filed with the clerk of the county of Chippewa, State of Michigan, where said labor was performed.

"THOMAS MARTIN.

"Subscribed and sworn to before me this 5th day of May, 1890.

"A. DONALDSON,

"Notary Public, Chippewa county, Mich.

"Filed May 5, at 12 o'clock M., 1890.

"WM. WEBSTER, Clerk."

The principal defendant, Houghton, did not appear, and was duly defaulted. On the day of the trial, February 6, 1891, the intervening owners, James Ross and John T. Ross, appeared specially by Watts S. Humphrey, their attorney, and moved to dismiss the writ of attachment, as against the logs and timber, for the following reasons:

"1. That no affidavit was made as required by law by the plaintiff, or any person in his behalf, and annexed to the writ before the same was executed.

"2. That by the affidavit made in said cause it does not appear when the labor was performed by each of the laborers mentioned therein, or when the last day of said labor was performed.

"3. That the affidavit does not show that each of the laborers named therein has filed his claim of lien, as the law directs, within thirty days after the last day of said labor was performed by him.

"4. That the affidavit does not show what amount was due to each of the laborers whose claims are sought to be united, and that the same are each under $100.

"5. That the affidavit does show upon its face that some of the claims do exceed $100, and that they could not be united under this statute.

"6. That the affidavit does not show who the owner of the logs and timber is, or that the owner is unknown to affiant.

"7. That the affidavit does not show for whom the

labor was performed, or that the same was performed under any contract relation whatever.

"8. That the said affidavit does not show that the several laborers have united their claims under the statute, or that they have designated the plaintiff, James Wiggins, as their agent or attorney to prosecute the claim for and in behalf of each.

"9. That said writ was issued without jurisdiction and is void."

The objections to the affidavit were overruled, and the trial proceeded. The cause comes into this Court on writ of error.

This affidavit does not show when the last day of labor was performed by each claimant. It would have been better practice to have done so, but the evidence on the trial showed that such last day of labor for each one was performed on the 5th day of April, 1890, and each statement of lien was filed within thirty days from that time. This brings the case within *Pack v. Circuit Judge*, 70 Mich. 135. The statements, which were sufficient in form, also showed the last day's labor of each claimant. They also showed the amount to be due each one for such labor by each claimant.

We think that the affidavit sufficiently shows that a statement of lien had been filed as required by law.

The fourth and fifth objections may be considered together. The affidavit does not show what amount was due each of the laborers whose claims are sought to be united, and it does not show that each of the claims is for an amount less than $100. On the contrary, it appears that the claims of the five laborers, united, amounted to $556.28, and that, therefore, one or more of them necessarily must be greater than $100.

The statute (Act No. 229, Laws of 1887, 3 How. Stat. § 8427*a et seq.*) provides that the first proceeding in the establishment of the lien shall be the filing of a statement, under oath, of the claimant or some one in his

behalf, in the office of the county clerk. This statement is the very beginning and a recognized part of the proceedings in the case. If this statement is filed by each one of the claimants joining in the suit, as it was in this case, and such statements show that the court has jurisdiction in this respect, we are of the opinion that the affidavit and statements must be considered together, and that it is not absolutely necessary that the affidavit, standing alone, should show such jurisdiction upon its face. The statements are as much a part of the proceeding, and just as essential, as the affidavit, and if the two, taken together, show the claims each to be less than $100, it is sufficient to give the court jurisdiction, although it is better practice to show this fact in the affidavits as well as in the statements. It has been the policy of this Court to give a most liberal construction to the log-lien law in the interest of justice and equity.

But it is claimed that this affidavit distinctly informed the court of its want of jurisdiction in the premises, and that the statement of lien and the evidence upon the trial showed that the claim of Wiggins exceeded the limit of $100, and that this defect could not be remedied upon the trial, after a motion to dismiss for want of jurisdiction had been made. The statute provides:

"Sec. 7. No attachment shall be issued under the provisions of this act in any of the circuit courts of this State, unless the amount claimed in said writ and affidavit for said work or labor, over and above all legal set-offs, shall be the sum of one hundred dollars and upwards; but in case two or more persons shall have claims for labor and services against any products in less sums than one hundred dollars each, and when such claims shall have accrued against the same person or persons, it shall be lawful for two or more persons claiming such lien to unite their claims either before or after filing statement of liens, and designate one of their number their agent or attorney for prosecuting such

lien, or any suit necessary to enforce the same, and claims, when thus united, shall be received and treated as one lien, and suit or attachment may be brought as for one claim, and concluded as one cause or suit, and the person so designated as such agent or attorney shall be named in such suit or attachment as plaintiff; and when said suit or attachment shall be commenced in the circuit courts of this State the writ of attachment may be in the following form."

It is contended, under this provision of the statute, that Wiggins could not be designated as the agent or attorney of the other claimants, because the amount of his claim was more than $100. It must be conceded that Wiggins, whose claim exceeded $100, would have been entitled, under the statute, to prosecute his lien singly and in his own name. It must also be conceded that, if the other claimants had selected one of their own number as their agent, such agent could have prosecuted in his name their liens to a successful termination. In such case Wiggins would have recovered the full amount of his lien, and the other claimants their liens, and no question of jurisdiction would have arisen. But because the others chose Wiggins as their agent it is argued that the court had no jurisdiction to enforce any of the liens. This would appear to be a mere technicality, requiring two suits to determine a controversy which could be as well and as justly settled in one suit. The question depends upon the construction of the phrase, "and designate *one of their number* their agent or attorney for prosecuting such lien," etc. Does "one of their number" necessarily restrict their choice of agent or attorney to one having a claim less than $100, or is the phrase broad enough to include one of the persons having claims for labor and services upon the same products, and against the same person or persons? We can see no reason why the statute should be interpreted in the narrower sense of

the expression. We think it competent for any number of persons having claims less than $100 to choose and appoint as their agent one of the number of claimants against the same products, notwithstanding his claim may exceed $100, and he might, if such appointment were not made, prosecute his lien alone. We can perceive no possible harm to any person by this construction of the statute, and it saves one suit. The object of the statute is to prevent a multiplicity of suits by providing that persons having claims less than $100 may unite their claims in one proceeding. If the statute in this purpose is a just and beneficial one, there can be no reason for requiring that the agent must also be a person whose claim is less than $100.

As to the sixth objection, it is not necessary that the affidavit shall show who is the owner of the logs. *Babcock v. Cook*, 55 Mich. 1, 7; *Shaw v. Bradley*, 59 Id. 199; *Reilly v. Stephenson*, 62 Id. 509, 515.

The judgment of the court below is affirmed, with costs.

CHAMPLIN, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.