WILLIAM VILLENUVE v. JOHN SINES AND CHARLES WILSON, PRINCIPAL DEFENDANTS, AND THE LANSING LUMBER COMPANY, OWNER OF PRODUCT ATTACHED.

*Logs and logging—Lien—Hauling lumber.*

Act No. 229, Laws of 1887 (3 How. Stat. § 8427a), entitled "An act establishing a lien for labor and services upon lumber, shingles, logs," etc., gives a lien for hauling logs and timber, but not for hauling the product manufactured therefrom.

Error to Clare.  (Hart, J.)  Submitted on briefs June 17, 1892.  Decided July 28, 1892.

Attachment proceedings under log-lien law.  Defendant company brings error.  Reversed.  The facts are stated in the opinion.

*Burritt & Canfield,* for appellant.

*Browne & Cummins,* for plaintiff.

GRANT, J.  The principal defendants, Sines & Wilson, manufactured a quantity of lumber for the Lansing Lumber Company under a written contract.  Afterwards a verbal contract was made, by which Sines & Wilson agreed to haul the lumber from the mill yard to the railroad for shipment.

Plaintiff owned a team, which he sent in charge of his brother, who worked for Sines & Wilson in hauling the lumber.  He filed a claim of lien for $133.20, in which he stated that the labor performed was "in manufacturing, skidding, and hauling" the lumber, describing it.  In his affidavit for attachment he stated that $200 was due for "work and labor performed by Albert P. Wood, Archie Villenuve, for William Villenuve, and for the team work of William Villenuve, in manufacturing about 400,000 feet of lumber," describing it.  Wood filed a statement of lien for "doing general work, such as keeping the mill in good repair, and keeping the sleighs and wagons in good repair, during the cutting and hauling of the property, and also in helping load the same."  Judgment was rendered against the principal defendants for $151.20, and the attachment upon the lumber sustained.  It appears that Wood was also the book-keeper for Sines & Wilson.

1. The claims of Villenuve and Wood were properly united.  *Wiggins v. Houghton,* 89 Mich. 468.

2. Villenuve's labor is not covered by the statute. The statute covers only labor or services in manufacturing lumber. See section 1 of the act.[1] The manufacture was complete when the logs were sawed into lumber, and the lumber piled in the yard. The statute gives a lien for hauling logs, timber, etc., but does not include the hauling of the product into which logs and timber are manufactured.

It is unnecessary to refer to the other objections raised.

Judgment reversed, and the attachment proceedings as to the Lansing Lumber Company quashed.

The other Justices concurred.