MCGEORGE and others, Appellants, vs. STANTON-DE LONG LUMBER COMPANY, imp., Respondent.

*January 31—February 19, 1907.*

*Liens: Logs and lumber: Hauling: "Timber:" Labor partly lienable.*

1. Sec. 3329, Stats. (1898), does not give a lien for the amount due for labor or services in hauling manufactured lumber from the mill to market.
[2. Whether larger timbers, other than boards and planks, manufactured from the logs, should be classed as "timber" for the hauling of which a lien is given, not determined.]
3. Where a lien is claimed for the amount due for labor, part of which is lienable and part not lienable, and there is no proof produced so that the one can be separated from the other with reasonable certainty, the entire claim for a lien must be denied.

APPEAL from a judgment of the circuit court for Sawyer county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to recover on contract and to enforce a lien under sec. 3329, Stats. (1898).

The complaint was to the effect that plaintiffs, between certain specified dates, performed services for the defendant Keene of the value of $464.74, hauling lumber and timber at an agreed price per thousand feet, which lumber and timber belonged to the defendant *Stanton-De Long Lumber Company;* that no part of said sum has been paid, and that plaintiffs have complied with all the statutory requisites to secure a lien for said sum on such lumber and timber, the various statutory steps to that end being appropriately alleged.

The lumber company answered putting in issue the allegation that timber was hauled by the plaintiffs and raising the question of whether the claim was lienable.

On the trial the evidence was uncontroverted that most of the manufactured product hauled by the plaintiffs was boards and the balance 4x4s, 6x6s, 6x8s, and plank, no evidence being produced as to the amount of such stuff; that all the product was manufactured from saw logs at a small mill located about fourteen miles from the village of Hayward in Sawyer county, Wisconsin; that part was piled in the mill yard, and that plaintiffs hauled that and the balance, taking the latter from the tail of the mill, to the railroad station at said village of Hayward and placing the same on the right of way of the railway company at such station.

The jury rendered a verdict in favor of the plaintiffs for the amount of the claim as alleged, and rendered a directed verdict that plaintiffs were not entitled to a lien therefor. Judgment was rendered accordingly, from which this appeal was taken.

*F. L. McNamara,* for the appellants, as to the meaning of the word "timber" in sec. 3329, Stats. (1898), cited *Babka v. Eldred,* 47 Wis. 189, 192.

*J. F. Riordan,* for the respondent, contended that the statute giving a lien for cutting, hauling, etc., logs, timber, etc., refers to the forest product in its crude condition, and that it gives no lien for hauling manufactured lumber or timbers from the mill to a railway depot for shipment. *De Morris v. Wilbur L. Co.* 98 Wis. 465, 473; *Carpenter v. McCord L. Co.* 107 Wis. 611, 617; *Kendall v. Hynes L. Co.* 96 Wis. 659, 662; *Villenuve v. Sines,* 92 Mich. 556, 52 N. W. 1007.

MARSHALL, J. The sole question presented in this case is: Were plaintiffs entitled to a lien for their services in hauling the manufactured products from the sawmill to the village of Hayward, under sec. 3329, Stats. (1898), providing that "any person who shall do or perform any labor or services in cutting, hauling, running, felling, piling, driving, rafting, booming, cribbing, towing, sawing, peeling or manufacturing into lumber or timber any logs, timber, stave-bolts, staves, pulp wood, cordwood, railroad ties, piling, telegraph poles, telephone poles, fence posts, paving timber, tan or other barks, or in preparing wood for or manufacturing charcoal shall have a lien upon such material for the amount due or to become due for such labor or services. . . . "

The language of the statute provides for a lien upon lumber "material" for the labor of producing the same from saw logs. Otherwise no lien is given thereon. The complete process of manufacturing logs into lumber ordinarily includes the work of placing the lumber in the sawmill yard in piles but not that of transporting the same from the yard to market. Such process is ended at the point in the mill yard from which it is designed that the lumber shall be taken to enter into consumption. That seems unmistakable without the aid of any judicial authority, but it has elsewhere been so held as indicated by *Villenuve v. Sines,* 92 Mich. 556, 52 N. W. 1007, cited to our attention by respondent's counsel. Appellants' counsel refer to *McGinley v. Laycock,* 94 Wis. 205, 68 N. W. 871, as an instance where work of hauling lumber was recog-

nized as lienable.    That is a mistake.    No question as to the lienable character of such work was there involved; the plaintiff's work was all performed on the lumber in the mill yard and no part of it consisted in hauling lumber.

If there is any distinction between hauling timber and hauling lumber manufactured from saw logs as regards the lienable character of the work, and if the product in question other than boards and planks should be classed as timber, it is immaterial in this case since there was no proof as to the amount of such timber.    Where a lien is claimed for the amount due for labor, part of which is lienable and part not lienable, and there is no proof produced so that the one can be separated from the other with reasonable certainty, the entire claim for a lien must be denied.    *Glover v. Hynes L. Co.* 94 Wis. 457, 69 N. W. 62.

*By the Court.*—The judgment is affirmed.