[No. 11353.. Department One. — August 28, 1886.]

## THE PEOPLE, RESPONDENT, *v.* THOMAS J. CLUNIE, APPELLANT.

REVENUE — ACT OF MAY 17, 1861 — CITY OF SACRAMENTO. — Under the act of April 25, 1863, incorporating the city of Sacramento, the revenue act of May 17, 1861, became a part of the city charter so far as concerns the mode of assessing, levying, and collecting the municipal taxes.

ID. — REPEAL OF ACT. — The revenue act of May 17, 1861, so far as its operation as a general law is concerned, was repealed by section 18 of the Political Code; but so far as it was incorporated into and became a part of the charter of the city of Sacramento, it was continued in force.

ID. — ASSESSMENT OF CITY LOTS. — The assessment in question *held* invalid on the authority of *Terrill* v. *Groves*, 18 Cal. 149, the point there decided being that city lots must be separately assessed, and a separate valuation placed on each.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought to recover the amount of certain delinquent taxes. The property assessed was situ-ated in the city of Sacramento, and the taxes were levied for municipal purposes for the fiscal years 1882–83. The assessment described the property as consisting of several lots, giving their numbers in a designated block, and valued them as a whole. The further facts are stated in the opinion of the court.

*Robert T. Devlin,* for Appellant.

*John T. Carey,* and *H. L. Buckley,* for Respondent.

Ross, J.—The main question argued in this case and which we are urged to decide is, what, if any, law is in existence authorizing the city of Sacramento to assess, levy, and collect municipal taxes. The charter of the city is found in the act of the legislature approved April 25, 1863. (Stats. 1863, p. 415.) In respect to city taxes, section 49 of that act provides:—

"The city taxes shall be levied, assessed, and collected under the provisions of an act entitled 'An act to provide revenue for the support of the government of this state,' approved May 17, 1861, except as herein otherwise provided. The board of trustees shall have and are hereby possessed of the same powers as the board of supervisors in said act, and the city assessor the same as county assessor, the city tax collector the same as county tax collector, the city auditor the same as county auditor, and the city attorney shall perform all the duties devolved by said act upon district attorneys, and shall be entitled to the same fees and compensation for his services."

The effect of this provision of the charter was to incorporate into it the provisions of the act of May 17, 1861, in so far as concerns the mode and manner of assessing, levying, and collecting taxes, except as by the charter otherwise specially provided. (*Spring Valley Water Works* v. *San Francisco*, 22 Cal. 434.) It is claimed, however, that the act of May 17, 1861, was repealed upon the adoption of the Political Code, which established another and different system for the assessing, levying, and collection of state and county taxes. Sections 18 and 19 of that code provide as follows:—

"Sec. 18. No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject; but in all cases provided for by this code all statutes, laws, and rules heretofore in force in this state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are repealed and abrogated. This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued, or any action or proceeding already taken, except as in this code provided; nor does it affect any private statute not expressly repealed.

"Sec. 19. Nothing in either of the four codes affects any of the provisions of the following statutes, but

such statutes are recognized as continuing in force notwithstanding the provisions of the codes, except so far as they have been repealed or affected by subsequent laws:—

"1. All acts incorporating or chartering municipal corporations, and acts amending or supplementing such acts.

"2. All acts consolidating cities and counties, and acts amending or supplementing such acts."

There is no doubt that section 18 of the Political Code repealed the act of May 17, 1861, in so far as its operation as a general law of the state is concerned, but it is equally clear that in so far as it was incorporated into and became a part of the charter of the city of Sacramento, it was continued in force. (*Spring Valley Water Works* v. *San Francisco, supra; Wood* v. *Hustis*, 17 Wis. 416.) There is nothing in the case of *Savings and Loan Society* v. *Austin*, 46 Cal. 415, to the contrary. One of the points made in that case was to the effect that so much of the contested tax as was sought to be collected for city and county purposes was void because not levied in accordance with what is known as the Consolidation Act and the amendments thereto,—the argument being that the general revenue system provided in the Political Code was not applicable to the city and county of San Francisco. After quoting sections 18 and 19 of the Political Code, the court said that if they stood " alone and unexplained, it would be difficult to escape the conclusion that it was intended to continue in force the Consolidation Act and all the amendments thereto, including the machinery therein provided for the levying and collection of city and county taxes." But the court proceeded to point out that the legislature which adopted the codes manifested its intention that the general revenue system therein provided should apply to San Francisco by passing a special act, entitled "An act to enable the city and county of San Francisco to conform to so much of the

Political Code as relates to the public revenue" (Stats. 1871–72, p. 773); and the court gave effect to that intention. But no such intention was manifested in respect to the city of Sacramento. So far as concerns that city, sections 18 and 19 of the Political Code stand "alone and unexplained." That being so, it is impossible to resist the conclusion that it was intended to continue in existence the charter of the city, including the machinery therein provided for the assessing, levying, and collection of municipal taxes. That machinery, as has been seen, is to be found in the act of May 17, 1861.

An examination of the record, however, shows that the assessment involved in this case was not made in accordance with the requirements of that statute. A similar assessment was held void in *Terrill* v. *Groves*, 18 Cal. 149, on the authority of which case the judgment and order must be reversed. A different state of facts existed in the case entitled *People* v. *Morse*, 43 Cal. 541.

Judgment and order reversed, and cause remanded.

McKINSTRY, J., and MYRICK, J., concurred.