[No. 123.   Decided February 25, 1891.]

DEXTER HORTON & CO., *Bankers,* v. R. J. WILEY *et al.*

LIENS—MANUFACTURING LUMBER—NOTICE OF CLAIM—
DESCRIPTION.

Under Code, 1881, § 1947, which requires a description of the property sought to be charged with a lien sufficient for identification with reasonable certainty, a claim of lien which describes the property as "a quantity of lumber, being about 70,000 feet, now lying at the defendant's saw-mill in said county, is insufficient.

*Appeal from Superior Court, Kitsap County.*

The facts are sufficiently stated in the opinion.

*McGilvra, Blaine & De Vries,* for appellant.

*I. A. Murchison,* for appellees.

The opinion of the court was delivered by

STILES, J.—The plaintiffs in this action, R. J. Wiley, C. W. Wiley, Harry Wiley, E. P. Wand, J. H. Snowden, Chris. Wyman, Thomas J. Caskey and C. Brownlee, sought to foreclose laborers' liens upon the same lumber as did the plaintiffs in *Dexter Horton & Co. v. Sparkman, ante,* p. 165. The pleadings, liens, and proceedings were the same as in the latter case, and for the reasons therein given, if there were no other defects, the same course would be pursued. But all the liens, excepting those of Wand and Snowden, were filed upon the shingles also, with no statements sufficient to show what portion of their labor was upon the lumber alone, which renders them incapable of enforcement. The claims of Wand and Snowden were not open to the objections above named, but the description was: "A quantity of lumber, being about 70,000 feet, . . . now lying at the defendant's saw-mill, in said county." We held in the other

case that the same description, with the addition, "being
the place where the said lumber was manufactured, and
situate about two miles south of Port Blakely, on Puget
Sound," was sufficient, but cannot sustain this one.    The
statute (§ 1947) requires a description of the property to
be charged with a lien, sufficient for identification with
reasonable certainty; and there is a great difference be-
tween a location two miles along the shore of the Sound,
below Port Blakely, and the entire county of Kitsap,
when it comes to determining where the property liened
was.    Therefore, in this case, the order will be that the
judgment be reversed, and the cause remanded, with in-
structions to the superior court to sustain the demurrer and
dismiss the action.    Costs to appellant.

ANDERS, C. J., and DUNBAR, J., concur.

HOYT and SCOTT, JJ., not sitting.