[No. 610. Decided November 23, 1892.]

J. E. YOUNG, *Appellant*, v. J. S. HOWELL, MRS. J. S. HOWELL, AND J. J. EVANS, *Respondents*.

MECHANICS' LIEN — SUFFICIENCY OF CLAIM.

A claim of lien which describes the property as "one three story frame building, situated on a two (2) acre tract, in section sixth (6), township twenty (20), range N. 3 E., in school district No. 13, and bounded as follows: Beginning at the northeast corner of the southeast quarter of Willamette meridian; running then west 20 rods, then south 16 rods, then east 20 rods, then north 16 rods to place of beginning," is insufficient to identify the property to be charged.

*Appeal from Superior Court, Pierce County.*

*Knight & Fletcher,* for appellant.

*Charles W. Seymour (Pritchard, Stevens, Grosscup & Seymour,* of counsel), for respondents.

The opinion of the court was delivered by

DUNBAR, J.—In this case the court below sustained a motion to dismiss the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. Judgment was entered for the defendants, and plaintiff appeals therefrom, alleging that the court erred in granting the motion to dismiss. The objection on which the court below acted and dismissed the case was as to the sufficiency of the notice of lien sought to be foreclosed in this action, and on which the action was brought. Sec. 1667, Gen. Stat., provides that recorded lien notices must contain a description of the property to be charged with the lien sufficient for identification. The description in this case was as follows:

"Notice is hereby given that J. E. Young, of Pierce county, State of Washington, claims a lien upon one certain three story frame residence building, situated in the city of Tacoma, county of Pierce, State of Washington, and more particularly described as follows:

"One three story frame building, situated on a two (2) acre tract, in section sixth (6), township twenty (20), range N. 3 E., in school district No. 13, and bounded as follows: Beginning at northeast corner of the southeast quarter of Willamette meridian; running then west 20 rods, then south 16 rods, then east 20 rods, then north 16 rods to place of beginning."

It is a difficult matter to say very much concerning such a description excepting that it is so indefinite that it does not describe any particular tract of land. Of course it is conceded that there is no such beginning point as the northeast corner of the southeast quarter of the Willamette meridian, but it is argued by the appellant that omitting or striking out the words "Willamette meridian" it reasonably follows that section six should follow the words "northeast corner of the southeast quarter," but if such a liberal mode of construction as this should be allowed at

all in disposing of the title to real estate, in this case it is purely speculative as to what should be supplied in place of the words stricken out. There is nothing more on the face of the instrument to show that it was the northeast corner of the southeast quarter of section six that was intended, than there is that it was the northeast corner of the southeast quarter of the southeast quarter of section six, or of the southwest quarter of section six, or the northeast corner of the southeast quarter of any other subdivision of section six, so that it is simply reduced to a question of guessing at the beginning point. And all the description that is left is a "two acre tract in section six, township twenty, range north 3 east, school district No. 13." This description is technically as faulty as the other, for there is no such a thing as a range north; the townships being either north or south of the base line, and the ranges either east or west of the Willamette meridian. But presuming that the township and range were properly described, under no authority could the description be held to be sufficient. It is true an owner might know what building and what land was intended, but the statute evidently intends that he shall know it through the medium of the notice. This was recently settled by this court in *Warren v. Quade*, 3 Wash. 750 (29 Pac. Rep. 827), where the question was discussed at some length.

Our conclusion is that the court did not err in sustaining the motion to dismiss, and the judgment is, therefore, affirmed.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.