Filed October 31, 1895.

No. 1,563.

MAYNARD ET AL. *v.* EAST ET AL.

MECHANIC'S LIEN.—*Description.—Sufficiency of Complaint.*—Where, in an action to enforce a mechanic's lien, the description in one paragraph and notice therein set forth is: "The north part of lot

number twenty (20) in Walnut Hills addition to the city of Anderson, Madison county, Indiana, as well as on the one-story frame dwelling house recently erected thereon by you," the descriptions in the remaining paragraphs and the notices filed therewith being the same except as to number of lots and parts thereof, the descriptions, standing alone, are insufficient, and unless aided by averments in the complaint, such as would admit extrinsic evidence in aid thereof, the complaint is insufficient.

From the Madison Circuit Court.

*W. S. Diven* and *E. B. McMahan,* for appellants.

*E. D. Reardon* and *J. R. Thornburg,* for appellees.

REINHARD, C. J.—Maynard brought this action against Henry J. Phillips and Dora Phillips, his wife, and Charles W. East and Henry East were made defendants. The defendants, East and East, filed a cross-complaint against the plaintiff, Maynard, and one William S. Diven and his wife, Laura M. Diven, who were made defendants to the cross-complaint and appeared and filed separate demurrers to each paragraph thereof, which were overruled and exceptions taken. The cross-complaint is in four paragraphs, but in respect of the question to be decided by us these are not materially different. It is averred therein that Laura M. Diven, through her husband, the said William S. Diven, contracted with Maynard for the erection and construction of certain dwelling houses upon the property of said Laura, and that the cross-complainants, East and East, sold and furnished to said Maynard certain materials to be used, and which were used, in the erection and construction of said houses. The cross-complaint seeks to foreclose a material-man's lien upon the houses and the real estate upon which the same are situated, it being also averred that proper notices of the intention of said cross-complainants to hold such liens were duly filed. The cross-complaint proceeds upon the theory of an ac-

tion purely *in rem* as against said Diven and wife. It does not seek to hold them or either of them personally liable.

The particular objection urged by the Divens against the cross-complaint is, that the descriptions of the real estate upon which the houses were erected, as contained in the cross-complaint and lien notices, are too uncertain and indefinite, and therefore insufficient. The description in one of the paragraphs and notice therein set forth is as follows: "The north part of lot number twenty (20) in Walnut Hills addition to the city of Anderson, Madison County, Indiana, as well as on the one-story frame dwelling house recently erected thereon ·by you." The description contained in another paragraph and exhibit is as follows: "The south part of lot number twenty (20) and the north part of lot number nineteen (19), in Walnut Hills addition to the city of Anderson, Madison County, Indiana, as well as on the frame dwelling house recently erected thereon by you." The following is the description in the remaining paragraph and notice: "The south part of lot numbered nineteen (19), in Walnut Hills addition to the city of Anderson, Madison County, Indiana, as well as upon the one-story frame dwelling house erected thereon by you."

There is no attempt to reform the descriptions nor to aid the same by averments such as would admit extrinsic evidence. The description would be clearly insufficient in a complaint to foreclose a mortgage on real estate. *Buck* v. *Axt,* 85 Ind. 512. When the description is so indefinite as to necessitate the institution of an extrinsic inquiry in order to determine what property was in fact sold or mortgaged, it is insufficient. *Bowen* v. *Wickersham,* 124 Ind. 404.

Courts have given the mechanic's lien law a liberal

construction so as to effectuate the purpose for which it was enacted.    It is the rule in such cases as the present one that if the description in a lien notice is sufficiently definite to enable a person familiar with the locality to identify the premises intended to be described, the description, though perhaps too indefinite to convey title, may be rendered sufficient, if it can be aided by extrinsic evidence, the proper averments having been laid in the complaint to allow such evidence to be introduced. *Dalton* v. *Hoffman*, 8 Ind. App. 101, and authorities cited.

From the descriptions given in the cross-complaint and exhibits, it is possible, we think, that a person familiar with the locality might be able to locate the houses, and if extrinsic facts were averred the descriptions might be reformed, or at least serve as a basis upon which to formulate another (sufficient) description for the decree of foreclosure and sale.    But standing by themselves, the descriptions in the cross-complaint and notices are wholly insufficient to convey title in a sale upon the decree, for by them neither the exact location nor the boundary of the real estate to be sold can be determined.

We think the court erred in overruling the demurrer of Diven and wife to each paragraph of the cross-complaint.

As to the appellant Maynard, nothing is said in the brief, which shows that he is entitled to a reversal.    Indeed it is difficult to determine from such brief whether the counsel who wrote the same appear for him at all or not.

Judgment reversed as to William S. Diven and Laura Diven, and affirmed as to John. A. Maynard.

Filed November 1, 1895.