Glover vs. Hynes Lumber Co. and others.

GLOVER, Respondent, vs. HYNES LUMBER COMPANY and others, Appellants.

*November 6 — November 24, 1896.*

*Liens: Logs and lumber: Evidence.*

In an action under ch. 139, Laws of 1891 (giving a lien upon manufactured lumber to any person who has performed labor in manufacturing the same), where the plaintiff was employed in con-

structing permanent improvements to the mill and also in super-
intending its general operations, he cannot recover without show-
ing how much of his time and labor were spent in manufacturing
the lumber in question.

APPEAL from a judgment of the circuit court for Bayfield
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to enforce a laborer's lien upon a quan-
tity of manufactured lumber, under ch. 139, Laws of 1891,
which, among other provisions, gives a lien upon manufact-
ured lumber to any person who has performed labor in
manufacturing the same. It appears that the lumber in
question was manufactured at the mill of the defendant the
*Hynes Lumber Company*, and was the property of the re-
maining defendants. It further appears that the plaintiff
was employed by the *Hynes Lumber Company*, for more
than a month before the mill started, in superintending the
building of an addition to the mill and putting in the ma-
chinery; that, after the mill started and the sawing of the
lumber in question was begun, he continued to superintend
the putting in of new machinery and the making of perma-
nent improvements to the mill, and at the same time super-
intended the keeping of the mill and machinery in repair
when breakages occurred. The plaintiff was unable to state
what share of his time was spent on the repairs and what
share upon permanent improvements, though directly asked
the question, and no other witness attempted to answer the
question. The court charged the jury, in substance, that
the plaintiff was entitled to a lien for any sum due for gen-
eral superintendence of the mill while the lumber was in
course of manufacture, and for his services in superintend-
ing repairs, but not for labor performed in rebuilding the
mill or making permanent improvements thereon. Under
these instructions the jury found the entire amount due the
plaintiff for services was $813.84, and that of that sum $713.30
was due for labor in manufacturing the lumber in question,

and was a lien thereon. Upon this verdict judgment was rendered against the *Hynes Lumber Company* for the full amount due the plaintiff, and adjudging a lien upon the lumber for $713.30 and costs. From the judgment of lien the defendants appealed.

For the appellants *Hamilton* and *S. K. Martin Lumber Co.* there was a brief by *Gleason & Sleight* and *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

WINSLOW, J. It is evident that the jury had no testimony before them from which they could determine how much of the plaintiff's time and labor were spent in manufacturing the lumber in question. At best it could be but a mere guess. The statute gives a lien only for the labor and services performed in manufacturing the lumber. It is plainly the plaintiff's duty to show the amount of such labor and services. Until he does so, he is in no position to demand a lien. He cannot leave it for the jury to speculate upon, without evidence. There must be a new trial.

*By the Court.*— Judgment reversed, and action remanded for a new trial.