DEXTER v. OLSEN.

[No. 5544. Decided September 19, 1905.]

ERNEST DEXTER et al., Respondents, v. A. B. OLSEN, Appellant.[1]

LIENS—FOR LABOR UPON FARM PRODUCTS—NOTICE—DESCRIPTION OF PROPERTY—SUFFICIENCY. A notice of a laborer's lien upon farm products is insufficient to give the court jurisdiction of an action to foreclose the lien where the products are described as 850 sacks of wheat raised on certain described premises, without locating or describing the sacks.

SAME—AMENDMENT OF NOTICE—STATUTES—CONSTRUCTION. A notice of a laborer's lien upon farm products cannot be amended, being controlled by Bal. Code, §§ 5957-5959; and §§ 5944, 5945 and 5904 not being applicable.

STATUTES—AMENDMENT. Where a general law is by reference made applicable to a later act, the subsequent amendment of the general law will not be applicable to the later act.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered September 9, 1904, after a trial on the merits before the court without a jury, foreclosing a lien for labor performed in harvesting a crop of wheat. Reversed.

J. G. Thomas, for appellant.

George T. Thompson and Oscar Cain, for respondents.

ROOT, J.—Respondents commenced this action to foreclose an alleged lien for services rendered in gathering a wheat crop upon which appellant held a chattel mortgage. From a judgment and decree foreclosing said lien, an appeal is taken to this court.

It is contended by appellant that the lien notice is fatally defective on account of the lack of description of the property sought to be held. The only description of said property therein is contained in the following extract.

"Notice is hereby given that J. Z. Smith and Ernest Dexter of Walla Walla county, state of Washington, claims a lien

[1]Reported in 82 Pac. 286.

upon that certain crop of wheat, being about 450 acres in quantity, being about 850 number of sacks of wheat, which was raised by the said Austin upon the following described premises, situated in Walla Walla county, state of Washington, to wit, NE ¼ and SE ¼ Sec. 2, Tp. 11, NR 34, and SE ¼, Sec. 26, Tp. 12, NR 34, and the NW ¼ Sec. 2, Tp. 11, NR 34 E. W. M. The aforesaid lands having been cultivated for the crop of 1903, by said V. F. Austin."

The statute requires the lien notice to "contain a description of the property to be charged with the lien sufficient for identification with reasonable certainty." Bal. Code, § 5936. The lien notice involved in this case tells the approximate number of sacks of wheat (about 850), and states where it was grown. But there is no other description. Nothing is said as to the quality or kind of wheat, nothing as to the character, size, or markings of the sacks. The whereabouts of the wheat is in no manner indicated. It may have been in the field, in the barn, or in somebody's warehouse. It may have been in Walla Walla county, or elsewhere. It may have been in the state of Washington, or in some other state. We do not see how any person could locate or identify the wheat in question by the description given. Unless he should resort to sources of information outside of the lien notice, an officer seeking to execute a judgment or decree against this wheat would be powerless. The facts set forth in the notice are not sufficient, in themselves, to show jurisdiction of the court over the subject-matter.

It is contended by respondents that, if the lien is defective, it may be amended. No application to amend was made to the superior court. None is made here, but merely a suggestion that an amendment might be permitted under the authority of *Olson v. Snake River Valley R. Co.*, 22 Wash. 139, 60 Pac. 156. This is not a request to make an amendment; but, if it were, the case cited would not be authority for granting the request. That case had to do

with a mechanics' lien. Authority for the court to amend such a lien is expressly given by Bal. Code, § 5904. But this section does not apply to a lien upon farm products. The latter is controlled by §§ 5957 to 5959, inclusive, and by the provisions of the law as to loggers' liens, so far as applicable, and as said provisions stood at the time of the enactment of said §§ 5957 to 5959. Sections 5944 and 5945 were not parts of the statute relative to loggers' liens at the time said statute was, by reference, made a portion of the law controlling liens upon farm products. Hence they cannot be considered as portions of the latter statute now. *Chelan County v. Navarre*, 38 Wash. 684, 80 Pac. 845; *Newman v. North Yakima*, 7 Wash. 220, 34 Pac. 921; *People v. Clunie*, 70 Cal. 504, 11 Pac. 775.

Under numerous decisions of this court, we are constrained to hold this notice of lien void, because the description of the property is inadequate. *Dexter Horton & Co. v. Wiley*, 2 Wash. 171, 25 Pac. 1071; *Warren v. Quade*, 3 Wash. 750, 29 Pac. 827; *Doyle v. McLeod*, 4 Wash. 732, 31 Pac. 96; *Young v. Howell*, 5 Wash. 239, 31 Pac. 629.

The judgment and decree of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

MOUNT, C. J., CROW, HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.