(No. 5133. April 29, 1929.)

J. W. BURLILE and W. E. SHAW, Respondents, v. W. A. LEITH and WM. LYMAN, Appellants, and CARL E. HIATT and R. B. SHAW, Defendants.

[277 Pac. 428.]

J. P. Reed, for Appellants.

Finley Monroe and H. M. Haag, for Respondents.

BUDGE, C. J.—On January 1, 1926, Hiatt and Shaw were in possession of a tract of land in Gem county under a contract of purchase from appellant Leith. On the date mentioned, respondents were employed by the said contracting vendees (who hereinafter will be referred to as the defendants, they having made no contest to the action herein and there being no appearance for them in this court) to perform farm labor in and about the premises in the way of planting, cultivating, irrigating and assisting generally in the production of the crops, which consisted of different varieties of fruit. Labor liens against the crops for the payment of the

wages due respondents were filed by them on May 27, 1926, and appellant Leith, having previously retaken possession of the land and crops by reason of the failure of defendants to make payments due under the contract of purchase of the land, posted bonds for the protection of the lien claimants in the event of recovery of judgment by them, in accordance with the provisions of C. S., sec. 7375 as amended by Sess. Laws 1923, chap. 24, p. 27. Respondents subsequently commenced this action to recover the amounts claimed by them for labor, and after answer filed by appellants the cause came on for hearing before the court without a jury, resulting in judgment for respondents, based upon findings of fact and conclusions of law.

The main point urged by appellants upon appeal from the judgment is that the trial court erred in finding, concluding and holding that the labor claims of respondents were valid liens against the fruit crops. The discussion to follow will deal with the detailed argument advanced by appellants to sustain their contention.

The basis of respondents' action is the provisions of C. S., secs. 7372 and 7373, the material parts of which recite:

(7372) "Any person who does any labor on a farm or land in tilling the same, or in cultivating, harvesting, threshing, or housing any crop or crops raised thereon, has a lien on such crop or crops for such labor. . . . . "

(7373) "Any person claiming the benefit of this article must, within 60 days after the close of said work or labor, file for record with the county recorder of the county in which said work and labor was performed, a claim which shall be in substance in accordance with the provisions of section 7362, so far as the same may be applicable, which said claim shall be verified as in the said section provided, and said liens may be enforced in civil actions, in the same manner, as near as may be, as provided in section 7366. . . . . "

It was the view of the trial court that the evidence adduced at the trial was insufficient to show that appellant Leith, who at all times during the possession of the land by

defendants retained title thereto as well as to all crops grown thereon, had any knowledge of the work claimed to have been done by respondents and consented to their employment, but it was concluded that respondents ''were entitled to a lien against these crops under the statute (C. S., sec. 7372 giving all persons a lien upon crops which they assist in producing.'' It has been said by this court that the provisions of our lien laws must be liberally construed with a view to effect their objects and promote justice. (*Phillips v. Salmon River Min. etc. Co.*, 9 Ida. 149, 72 Pac. 886; *Boise Payette Lumber Co. v. Sharp*, 45 Ida. 611, 264 Pac. 665.) In one of the re-enactments of the lien laws of this state, of which C. S., sec. 7372, was a part, it was stated in Sess. Laws 1899, p. 155:

''This Act establishes the law of this State, respecting the subject to which it relates, and its provisions and all proceedings under it are to be liberally construed with a view to effect this object.''

It has been held under this statute that one who performs labor in producing an agricultural crop is entitled to a lien, no matter what the work, labor or service may have been, so long as it is shown that such work is for a useful purpose, that the charges were reasonable and that he has not been paid. (*Chapman v. A. H. Averill Machinery Co.*, 28 Ida. 121, 152 Pac. 593; *Beckstead v. Griffith*, 11 Ida. 738, 83 Pac. 764.)

Under the contract of purchase appellant Leith retained ownership to all the crops grown on the land, and the crops produced thereon with the assistance of respondents were taken by him. He alone received the benefit of their labor, for which they were not paid. The contract of purchase required the vendees ''to prune, spray, cultivate and care for the orchard in a good and husbandmanlike manner,'' and, there being no question raised as to the need for the employment of assistants to do this work, we think the element of consent to the employment of respondents, if it be conceded that consent of the owner of the property is necessary, is implied by the stipulation in the contract

referred to, considered in connection with the taking and retention by appellant Leith of the fruits of respondents' labor. We do not believe the trial court's observation as to appellant Leith's knowledge and consent to the work done by respondents was intended to go any further than as to what was disclosed by the oral testimony.

Appellants argue that, by reason of their having obtained judgment against the vendees declaring a forfeiture of their contract and rights to the land, respondents and their employers, Hiatt and Shaw, were trespassers on the land after the decreed date of forfeiture, as a result of which the claims of lien subsequently filed were of no force or effect. If technical trespass there was, appellants became doubly fortified with reference to obtaining the crops grown on the land, but there does not appear to have been any inclination to have respondents cease their labor in the production of the crops after the alleged trespass had begun, or not to accept the crops which they continued to assist in producing after the decreed date of forfeiture by defendants of their rights to the land under the contract of purchase.

The evidence sufficiently shows that respondents performed work and labor in the production of crops (which we believe to be included in the statute) for which they were not compensated, and, the general policy of the statute being to secure to the laborer reasonable compensation for his services, we are of the opinion that respondents' claims for wages were valid liens against the crops in question and that the judgment of the trial court in so holding should be affirmed. It is so ordered. Costs to respondents.

Givens, Wm. E. Lee and Varian, JJ., and Baker, D. J., concur.