(No. 6503. May 5, 1938.)

D. KERBY, Appellant, v. J. THEODORE ROBINSON, W. B. SAVAGE, Doing Business Under the Firm Name and Style of W. B. SAVAGE PRODUCE COMPANY, CHARLES COONROD, Defendants, and W. B. HOAG, Respondent.

[80 Pac. (2d) 33.]

Chapman & Chapman, for Appellant.

Ray D. Agee, for Respondent.

GIVENS, J.—Appellant sued to foreclose a farm laborer's lien under Chapter 3, Title 44, I. C. A., alleging his employer was J. Theodore Robinson, lessee of W. B. Hoag, owner of the land where the crops were grown, whom with W. B. Savage Produce Company and Charles Coonrod, claimed some interest in the crop. Robinson, Coonrod, and W. B. Savage Produce Company defaulted.

Hoag's demurrer to the complaint was sustained on the ground the notice of lien did not sufficiently describe the crop and location when the notice of lien was filed.

The notice of claim, signed and verified before a notary, and filed in Twin Falls county, in substance, stated the owner or reputed owner of the crop for whom the work was done, Theodore Robinson, who was lessee of the owner of the land on which the crops were grown, and the names of the parties in whose possession the crop, consisting of 290,620 pounds of potatoes, were at the time the lien was filed, the work consisting of harvesting and hauling the said crop to market, the pay therefor to be at 4¢ per hundred, having been performed between October 9th and October 13th, 1934, stating the total amount claimed.

This court has, in company with others, uniformly held to the rule that lien statutes of this character are to be liberally construed in favor of the claimant, which includes the determination of whether the notice and claim of lien sufficiently describes the property upon which the lien is sought, and its location.

"It appears from the foregoing section of the statute that it was the intention of the legislature to protect the man who performs labor in producing a crop of hay or other agricultural crop in reasonable wages due him for such labor or services rendered in raising the crop, harvesting or threshing it; in fact, it seems to us that he is entitled to his lien no matter what the work, labor or services may have been, so long as it is shown it was for a useful purpose, the charge reasonable, and that he has not been paid, and that his lien takes precedence over all other liens no difference of what nature or character. . . . .

"It is also urged that the description of the property described in the liens is too indefinite, in that 'the liens and each of them cover twenty-one stacks of hay, being about eight hundred tons. . . . . ' . . . . So far as the record discloses, we are unable to ascertain whether the hay was stacked promiscuously over the acreage of the entire ranch or whether in a stackyard or yards. It is stipulated, however, that the seven stacks harvested, upon which plaintiff and his assignors contributed their labor and services, were in the stack prior to the levy of the attachment by defendant as sheriff. . . . . He is not required to designate any particular stack or stacks of hay produced, or in what particular portion of the land

the crop was produced or in what month it was harvested."
(*Beckstead v. Griffith,* 11 Ida. 738, 745, 83 Pac. 764.)

"All the provisions of our mechanic's and laborer's lien
law . . . . must be liberally construed with a view to effect
their objects and to promote justice." (*Phillips v. Salmon
River Min. etc. Co.,* 9 Ida. 149, 150, 72 Pac. 886.)

(*Burlile v. Leith,* 47 Ida. 537, 540, 277 Pac. 428; *Leibo-
witz v. Berry,* 114 Cal. App. 5, 299 Pac. 779, 781; *Corbitt v.
Logan,* 163 Okl. 86, 20 Pac. (2d) 894; *Stevenson v. Magill,*
35 N. D. 576, 160 N. W. 700, 703, L. R. A. 1917D, 377;
*Williams v. Uncompahgre Canal Co.,* 13 Colo. 469, 22 Pac.
806; *Empire Land & Canal Co. v. Engley,* 18 Colo. 388,
33 Pac. 153, 156; 2 Am. Jur. 401, sec. 7.)

This court has heretofore held in regard to chattel
mortgages that:

" 'When the description in a chattel mortgage is correct
as far as it goes, but fails fully to point out and identify
the property intended to be conveyed, a subsequent purchaser
or incumbrancer is bound to make every inquiry which the
instrument itself could reasonably be deemed to suggest.

" 'The sufficiency of the description, however, is a question
for the jury, and the complaint is unquestionably good as
against the demurrer.' " (*Gordon v. Loer,* 57 Ida. 269, 273,
65 Pac. (2d) 148.)

(*Guiou v. Ryckman,* 77 Neb. 833, 110 N. W. 759, 124 Am.
St. 877; *Maynard v. East,* 13 Ind. App. 432, 41 N. E. 839,
840, 55 Am. St. 238; *Coburn v. Stephens,* 137 Ind. 683, 36
N. E. 132, 45 Am. St. 218; *American Bank & T. Co. v. Feeney
Tool Co.,* 106 Conn. 159, 137 Atl. 756, 757; *Stewart v. Clem-
ens,* 220 Ala. 224, 124 So. 863, 66 A. L. R. 1454, 1457;
annotation, 66 A. L. R. 1458, 1459; note, 124 Am. St. 882;
10 Am. Jur. 752, Chattel Mortgages, sec. 55; 11 C. J. 457,
sec. 78.)

*Linch v. Perrine,* 51 Ida. 152, 4 Pac. (2d) 353, 81 A. L. R.
355, relied on by respondent is distinguishable because there
it was not stated in the claim of lien where the crops were
when the lien was filed, here it was stated that the crops
"*are*" in the possession of the Savage Company, and Coon-
rod. Likewise, *Dexter v. Olsen,* 40 Wash. 199, 82 Pac. 286,
is to be distinguished because that decision like the Perrine

case, *supra,* was based upon the failure of the notice or claim to state where the crops were when the claim was filed, the court saying:

" . . . . The lien notice involved in this case tells the approximate number of sacks of wheat (850), and states where it was grown. But there is no other description. Nothing is said as to the quality or kind of wheat, nothing as to the character, size, or markings of the sacks. The whereabouts of the wheat is in no manner indicated. It may have been in the field, in the barn, or in somebody's warehouse. It may have been in Walla Walla county, or elsewhere. It may have been in the state of Washington, or in some other state. We do not see how any person could locate or identify the wheat in question by the description given. Unless he should resort to sources of information outside of the lien notice, an officer seeking to execute a judgment or decree against this wheat would be powerless. The facts set forth in the notice are not sufficient, in themselves, to show jurisdiction of the court over the subject-matter." (Underscoring ours.) (*Dexter v. Olsen, supra.*)

Certainly the statements in the lien above noted, would reasonably suggest enough, coupled with natural inquiries prompted thereby, as to the location of the potatoes at the time the lien was filed, immediately after their harvesting in Twin Falls county where the lien was filed, to lead to finding the W. B. Savage Company and/or Coonrod and locating the potatoes.

Since W. B. Savage Company and Coonrod defaulted, they must have been served with process, and, though the record is silent thereto, no point is made that any difficulty arose in regard to finding them so process could be served.

Therefore, while the notice or claim presented in this case is by no means as full or explicit as it should have been, the general demurrer by Hoag should have been overruled, the judgment is accordingly reversed and the cause remanded.

Costs to appellant.

Holden, C. J., and Budge, J., concur.

Petition for rehearing denied.

AILSHIE and MORGAN, JJ., Dissenting.—I. C. A., section 44-302, requires those desiring to avail themselves of the benefit of the law providing for farm labor liens to file claims "which shall be in substance in accordance with the provisions of section 44-407, so far as the same may be applicable, . . . . " The latter section requires, among other things, that the claim shall "contain a description of the property to be charged with the lien, sufficient for identification, with reasonable certainty, . . . . " The form incorporated in the section calls for a statement as to how the property upon which a lien is claimed is marked and where it is located.

The claim in this case fails to conform to the requirement of the law in that it does not describe the property upon which the lien is claimed, sufficient for identification, nor with reasonable certainty, and does not disclose where the property was at the time the lien was filed. The part of the claim which may be considered an attempt at description is as follows: " . . . . the crop of potatoes which was harvested during the farming season of 1934 on the Northwest Quarter of the Northwest Quarter (NW¼NW¼), Section Twenty-two (22), Township Eleven (11) South, of Range Eighteen (18) East of the Boise Meridian, . . . . that the owner or reputed owner of said crop is J. Theodore Robinson, and that said crops are in the possession of W. B. Savage, doing business under the firm name and style of W. B. Savage Produce Company, and Charles Coonrod; . . . . " The only fact stated in the claim in addition to the above, by way of description, is that the crop of potatoes consisted of 290,620 pounds.

Apparently the author of the majority opinion bases the assertions therein to the effect that the claim of lien contains a statement of where the potatoes were when it was filed, and that this case is thereby distinguished from *Linch v. Perrine,* 51 Ida. 152, 4 Pac. (2d) 353, 81 A. L. R. 355, and *Dexter v. Olsen,* 40 Wash. 199, 82 Pac. 286, on the recital that "said crops are in the possession of W. B. Savage, doing business under the firm name and style of W. B. Savage Produce Company, and Charles Coonrod; . . . . " That the statement specifies in whose possession the potatoes were at the

time the claim was filed, but locates neither the potatoes nor their possessors.

No effort was made, in this case, or, if it was made, it was entirely unsuccessful, to describe the property upon which a lien was claimed, sufficiently to identify it. The land on which the potatoes were grown is described with particularity, but the claim of lien shows they had been hauled to market and the location of the market is not stated. If they were sacked, that fact is not disclosed, and if the sacks were marked or branded nothing is said about it. The grade of potatoes is not given, nor is the variety. So far as this claim of lien shows, they may have been sweet potatoes.

One of the purposes of requiring a lien claimant to describe the property on which his lien is claimed, and to state its location at the time the claim is filed, is to give notice to the public that he claims a lien and what he claims it on.

This claim does not conform to the statute and, on authority of *Linch v. Perrine,* and *Dexter v. Olsen,* cited in the majority opinion, and many other authorities not cited, the judgment of the trial court should be affirmed.