397 P.2d 31

Delbert BOONE, Plaintiff-Respondent,

v.

P & B LOGGING COMPANY, Inc., sometimes known as P & B Milling Company, Inc., and sometimes known as Perrault and Bernier Logging Company, and Stitzinger Lumber Company of Idaho, Inc., Defendants,

and

Stitzinger Lumber Company of Idaho, Inc., Defendant-Appellant.

No. 9479.

Supreme Court of Idaho.

Nov. 27, 1964.

---

Peter G. Leriget, Moscow, for appellant.

Felton & Bielenberg, Moscow, for respondent.

TAYLOR, Justice.

Plaintiff (respondent), an electrician, was employed by the defendant P & B Logging Company, Inc., to install electrical equipment in a lumber mill which that company was enlarging and reconstructing in Latah county preparatory to a new milling operation. Plaintiff's work was performed between October 22 and November 17, 1962, and consisted of running conduits or raceways, connecting motors, and installing lighting in the mill and in the mill yard. The bills submitted by plaintiff to the company were for hourly wages at $4 per hour, totaling $764.

January 7, 1963, plaintiff filed notice of claim of logger's lien in which he claimed a lien upon 300,000 board feet of logs and 20,000 board feet of sawed lumber stored at the millsite of the employer. During the month of March, 1963, the defendant (appellant), Stitzinger Lumber Company of Idaho, Inc., purchased logs and lumber from the defendant P & B Logging Company,

Inc., for a total purchase price of $1,965.15 for logs and $591.72 for lumber, and removed the logs and lumber from the millsite, and made payment therefor to the defendant P & B Logging Company, Inc., with knowledge that plaintiff's notice of claim of lien thereon had been filed.

May 3, 1963, plaintiff commenced this action for the foreclosure of his claimed lien and for the recovery of the amount due him for wages, together with attorney's fee. Upon motion of defendant Stitzinger Lumber Company the action was dismissed as to the asserted claim of lien upon the logs purchased by it, on the ground that plaintiff had established no right to a lien upon the logs.

Upon trial, the court found that $764 was due plaintiff for labor performed; that he had a valid lien, under the provision of I.C. § 45–402, upon the lumber located at the millsite, subsequently purchased and removed by the defendant Stitzinger Lumber Company; and entered judgment against that company for the value of the lumber purchased by it in the amount of $591.72 and an additional sum of $250 as a reasonable attorney's fee. The court also gave plaintiff judgment against the employer in the amount of $162.28. This latter sum apparently was intended to cover the balance of wages due after application of the $591.-72 judgment against the purchaser of the lumber, and should have been calculated at $172.28.

The defendant Stitzinger Lumber Company brought this appeal from the judgment.

Two issues are presented by the assignments of error: first, whether plaintiff was a "person" entitled to a lien under the provisions of I.C. § 45–402; and, second, was the work performed by plaintiff such as to entitle him to a lien upon the lumber produced by the mill?

Idaho Code § 45–402 is as follows:

"Every person performing labor upon, or who shall assist in manufacturing saw logs into lumber, has a lien upon such lumber while the same remains at the mill where manufactured, whether such work or labor was done at the instance of the owner of such logs or of his agents."

■ As to the first issue, it is apparent that plaintiff was a "person" within the meaning of the foregoing action. He was personally employed by the owners of the mill, and personally performed the work himself, on a contract for an hourly wage. In his testimony plaintiff referred to himself as an "independent contractor." However, he had no employees working for him; there is no evidence as to whether the logging company controlled, or reserved the right to control, the details of plaintiff's work; nor whether his contract provided for a project to be completed by him for an

agreed unit price; nor whether his contract might be terminated at any time by the employer. Under the circumstances here disclosed plaintiff would be entitled to claim a lien whether or not he was an independent contractor.

■ As to the second issue, plaintiff was not one who performed labor upon, or assisted in manufacturing saw logs into lumber. His work went into the building and equipping of a mill for the purpose of future manufacturing of lumber. Plaintiff testified that the operation of the mill was commenced before he finished his work. However, he does not contend, and there is no evidence, that he did any maintenance or repair work, electrical or otherwise, connected with the operation of the mill. His work constituted a capital investment in the mill itself and was not a part of the cost of operation, nor a part of the production of lumber by the mill. Plaintiff's labor was clearly such as would entitle him to a lien upon the mill itself, the property of his employer, under the provisions of I.C. § 45-501. Plaintiff's labor was in no way connected with the operation of the mill, he performed no labor upon the logs sawed, and did not assist in the manufacturing of the lumber upon which he claimed a lien.

■ Labor liens are purely statutory and the governing statute must be substantially complied with in order to perfect such a lien. We have held that lien laws are to be liberally construed to effectuate their purpose and promote justice. Dybvig v. Willis, 59 Idaho 160, 82 P.2d 95 (1938). And this liberality of construction has been applied in favor of workmen whose right to a lien has been established, i. e., where it has been shown that the claimant is one of a class to which the right of a lien has been granted. Layrite Products Co. v. Lux, 86 Idaho 477, 388 P.2d 105 (1964); Manley v. MacFarland, 80 Idaho 312, 327 P.2d 758 (1958); Anderson v. Great Northern Ry. Co., 25 Idaho 433, 138 P. 127 (1914).

■ However, such lien laws are not to be so construed as to provide liens to persons who do not come within their terms. This court has consistently held that the lien claimant must show that he has performed lienable labor, and that he has substantially complied with the statute in perfecting his claim. In Valley Lbr. & Mfg. Co. v. Driessel, 13 Idaho 662, 93 P. 765, 15 L.R.A.,N.S., 299 (1907), it was held that where there were two separate contracts for the construction of a building, a material man who furnished lumber for each project, knowing that they were governed by separate contracts, could not tack the furnishing of materials under the second contract to the first, in order to extend the time for filing his notice of lien. In Gem State Lumber Co. v. Witty, 37 Idaho 489, 217 P. 1027 (1923), it was held that a lien claimant

could not extend the time for the filing of his claim by unreasonably or purposely delaying completion of the project in an unimportant detail.

In Nohrnberg v. Boley, 42 Idaho 48, at 59, 246 P. 12, at 15 (1925), it was said:

"Since laborers' liens are entirely of a statutory creation, a person claiming the benefit of such a lien must substantially comply with the statute, an essential requirement of which is that a claim of lien shall be filed within the prescribed time."

██ In Wheatcroft v. Griffiths, 42 Idaho 231, 245 P. 71 (1926), it was held that the claimant of a farm labor lien must be able to separate and distinguish the lienable items of his labor from the non-lienable items. See also: Bunt v. Roberts, 76 Idaho 158, 279 P.2d 629 (1955); Kerby v. Robinson, 58 Idaho 781, 80 P.2d 33, 116 A.L.R. 1004 (1938); Nelson v. Boise Petroleum Corp., 54 Idaho 179, 32 P.2d 782 (1934); Linch v. Perrine, 51 Idaho 152, 4 P.2d 353, 81 A.L.R. 355 (1931).

In Timber Structures v. C. W. S. Grinding & Machine Works, 191 Or. 231, 229 P.2d 623, at 629, 25 A.L.R.2d 1358 (1951), it was said:

" * * * the right to a lien is purely statutory, and a claimant to such a lien must in the first instance bring himself clearly within the terms of the statute. The statute is strictly construed as to persons entitled to its benefits and as to the procedure necessary to perfect the lien; but when the claimant's right has been clearly established, the law will be liberally interpreted toward accomplishing the purposes of its enactment. Drake Lumber Co. v. Lindquist, 179 Or. 402, 170 P.2d 712; Phillips v. Graves, 139 Or. 336, 9 P.2d 490, 83 A.L.R. 1."

This rule was followed in Kidder v. Nekoma Lumber Co. (1952) 196 Or. 409, 249 P.2d 754.

In Jack Long Logging Co. v. Pyramid Mountain Lumber, Inc. (Mont.1963) 387 P.2d 712, the Montana court held that a corporation doing contract logging was not a "person" entitled to logger's lien under a statute similar to our I.C. § 45–401, and further said:

" * * * the loggers' lien statutes are strictly construed so far as determination of who comes within the favored lien class." 387 P.2d at 716.

See also: Lane v. Lane Potter Lumber Co. (1910) 40 Mont. 541, 107 P. 898.

In Newman v. Cash (1933) 47 Ga.App. 39, 169 S.E. 520, it was held that the proprietors of a sawmill came within the provisions of a statute giving them a lien for work done on material furnished by others; but, they were not entitled to a laborer's lien, which they claimed under another provision of the statute.

In Glover v. Hynes Lumber Co. (1896) 94 Wis. 457, 69 N.W. 62, plaintiff was employed for more than a month before the mill was put into operation, in superintending the building of an addition to the mill and putting in of machinery, and continued with such work and in the making of permanent improvements after operation of the mill was commenced. Also, after the mill was put in operation plaintiff superintended the operation and repair of the mill and machinery. The court held that plaintiff was entitled to a lien on lumber produced by the mill for his services in superintending the operation of the mill and its repairs, but not for labor performed in rebuilding the mill or making permanent improvements thereon. Since plaintiff could not separate the time devoted to lienable work from that devoted to non-lienable work, his lien failed.

■ In lien foreclosure actions, plaintiff's attorney's fees are incidental to the foreclosure. Where the lien fails, no fee can be allowed for its foreclosure. Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414 (1962); Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 (1956).

The judgment against appellant Stitzinger Lumber Company of Idaho, Inc. is reversed and the cause is remanded with directions to the district court to determine the liability of the defendant P & B Logging Company, Inc. to plaintiff and enter judgment accordingly.

Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.