[No. 11093. Department Two. December 15, 1913.]

NORTHWESTERN GRAIN COMPANY, *Respondent*, v. KERR
GIFFORD WAREHOUSE COMPANY, *Appellant*.[1]

LIENS—FARM LABOR—CROPS—NOTICE—DESCRIPTION OF PROPERTY.
Under the statute requiring a notice of lien on farm crops to contain
a description of the property to be charged, sufficient for identifica-
tion, lien claims upon a crop of wheat are insufficient, where the only
description of the subject-matter was the legal description of the
land and a "certain crop" grown thereon.

WAREHOUSEMEN — LIABILITY — TROVER AND CONVERSION. A ware-
houseman who refused to deliver wheat stored or to return the ware-
house receipts, upon demand, after notice of satisfaction of all valid
liens for labor, is guilty of a conversion and liable for the value of
the wheat.

Appeal from a judgment of the superior court for Spo-
kane county, Hinkle, J., entered October 16, 1912, upon
findings in favor of the plaintiff, in an action for conversion,
tried to the court. Affirmed.

*John Pattison*, for appellant.

*Belden & Losey* (*Henry R. Newton*, of counsel), for re-
spondent.

MAIN, J.—This action was brought for the purpose of re-
covering the value of certain wheat, with the conversion of
which the defendant was charged.

On August 16, 1909, the defendant was a corporation, en-
gaged in the warehouse business and operating a warehouse,
at Eltopia, Washington. On that date, and on the 17th, 18th
and 24th of August, one A. E. Gallagher delivered to the
defendant, for storage, wheat in sacks aggregating 501 5-6
bushels. As the wheat was delivered, and on the dates men-
tioned, the defendant issued to Gallagher warehouse re-
ceipts therefor, wherein the defendant agreed to deliver to
A. E. Gallagher, or order, the number of sacks of the weight

[1]Reported in 136 Pac. 1154.

and quality therein specified, upon the surrender of the receipts properly endorsed and payment of the charges and advances as therein provided for. Sometime thereafter, the warehouse receipts were sold and delivered to the plaintiff corporation. The receipts bear the written endorsement of A. E. Gallagher.

After the assignment, and on September 11, 1909, the plaintiff, at Spokane, Washington, wrote to the defendant, at Eltopia, enclosing with the letter the warehouse receipts and a check for the storage charges, and directed that the wheat be shipped to its order, Seattle, Washington. This direction was not complied with, for the reason, as the defendant informed the plaintiff, that certain labor liens had been filed against the wheat. These alleged liens were three in number, and are known as the Dixon, Bruner, and Visby liens. The Dixon lien was claimed on account of hay furnished to A. E. Gallagher, and used while the wheat crop was being harvested. The only description of the subject-matter contained in the claim of lien is "the east half of section 21, township 12, range 30 E. W. M., in Franklin county, Washington." The Bruner lien was claimed on account of labor performed upon a certain crop situated upon the same land as described in the Dixon lien. The Visby lien was on account of harvesting the wheat. The description in this claim of lien not only described the land upon which the wheat grew, but describes the wheat upon which the lien is claimed, by giving the number of sacks, the kind and quality of the wheat, the warehouse in which it is located, and the lettering upon the sacks.

On or about October 28th, the defendant had notice that the Visby lien was satisfied. On November 9th, by letter from the plaintiff, the defendant was again notified to ship the wheat. On November 24th, by letter, request was made that the warehouse receipts be returned to the plaintiff. The wheat at no time was shipped; neither were the warehouse

receipts returned, but were retained by the defendant until the time of trial and by it offered in evidence.

The action was brought for the purpose of recovering the value of the wheat. The cause was tried by the court without a jury. Judgment was entered for the plaintiff in the sum of $475.70. The defendant appeals.

If the plaintiff is entitled to recover upon the facts stated, there appears to be no dispute as to the amount. Under the holding of this court in *Dexter v. Olsen*, 40 Wash. 199, 82 Pac. 286, both the Dixon and the Bruner liens were void for indefiniteness of description, and consequently cannot be considered. In that case it was said:

"The statute requires the lien notice to contain a description of the property to be charged with the lien sufficient for identification with reasonable certainty. Bal. Code, § 5936. The lien notice involved in this case tells the approximate number of sacks of wheat (about 850), and states where it was grown. But there is no other description. Nothing is said as to the quality or kind of wheat, nothing as to the character, size, or markings of the sacks. The whereabouts of the wheat is in no manner indicated. It may have been in the field, in the barn, or in somebody's warehouse. It may have been in Walla Walla county, or elsewhere. It may have been in the state of Washington or in some other state. We do not see how any person could locate or identify the wheat in question by the description given. Unless he should resort to sources of information outside of the lien notice, an officer seeking to execute a judgment or decree against this wheat would be powerless. The facts set forth in the notice are not sufficient, in themselves, to show jurisdiction of the court over the subject-matter."

For the purposes of this case, it will be assumed, but not decided, that the defendant was justified in not delivering the wheat upon demand until all valid liens claimed against the same had been satisfied.

As to the Visby lien, as already stated, subsequent to its satisfaction the defendant was notified once to ship the wheat. And later a demand was made that the warehouse receipts be

returned. Neither request was complied with. That it was the right of the plaintiff, after the only valid lien had been satisfied, to have the wheat shipped, as per its request, or the warehouse receipts returned, is too plain to require discussion. Under the facts in this case, the plaintiff was clearly entitled to recover.

Since this is the conclusion upon the facts, consideration of the questions of law discussed in the briefs would be merely academic, and will not be indulged in.

The judgment will be affirmed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.