IRVINE v. McDOUGALL et al.

(Fourth Division. Fairbanks. June 1, 1915.)

No. 1938.

1. MECHANICS' LIENS ⬉5—STATUTES—CONSTRUCTION.

    The safe and proper rule of construction of mechanic's lien statutes is that, while the remedial portions of these statutes should be liberally construed, with a view to avoid defeating the purpose of the statute, yet those parts upon which the right to the existence of a lien depend, being in derogation of the common law, should be strictly construed.

2. MECHANICS' LIENS ⬉204—ASSIGNMENTS—EFFECT.

    On the trial of a mechanic's lien case it appeared from the evidence that the lienors had assigned their claims for wages to the plaintiff prior to the perfection of the mechanic's lien. *Held*, in the absence of any statute to the contrary, the assignment of the claim before the perfection of the lien destroys the right to a lien.

This is an action to foreclose laborers' liens upon the Pioneer quartz mining claim situate at the head of Fairbanks creek, in the Fairbanks recording precinct; the plaintiff claiming a lien on behalf of himself for labor performed in the development of said Pioneer quartz mining claim, and also as the assignee of six other lien claimants.

The plaintiff alleges the performance of certain development work on the Pioneer quartz mining claim under contract with the defendant McDougall, a compliance with the provisions of the statute entitling plaintiff to foreclose a lien

for services rendered, and the usual allegations in a complaint seeking foreclosure of a mechanic's lien. Similar allegations are made in the respective causes of action of the other six lien claimants, and the further allegation of assignment by each lien claimant of his claim of lien to the plaintiff herein.

Plaintiff alleges that the owners of said mining claim on the 25th day of May, 1912, were Angus McDougall, Michael Hyland, who prior to the filing of the complaint herein sold his interest to David Cascaden, Thomas A. McGowan, and J. A. Clark, who upon said date leased said claim to Angus McDougall for a period of ten years; that the defendant John A. Healey, on the 12th day of May, 1913, caused a writ of attachment to issue against said McDougall and levied the same upon said Pioneer quartz mining claim; that on or about the 3d day of June, 1913, said McDougall made an assignment of certain property to Geo. M. Smith and Roy Rutherford for the benefit of his creditors, assigning among other property his undivided interest in and to said Pioneer claim and leasehold interest therein. Plaintiff's complaint herein was filed in the court on the 21st day of August, 1913. The defendants Smith, Rutherford, and Healey have answered. The defendant McDougall is in default. From the record it appears that defendants McGowan, Clark, Cascaden, and Kopits have not been served.

H. E. Pratt, of Fairbanks, for plaintiff.
· Cecil H. Clegg and McGowan & Clark, all of Fairbanks, for defendants.

BUNNELL, District Judge. In the first place, the court calls attention to the second paragraph of the note to title 12, page 276, of the Compiled Laws of Alaska:

"The safe and proper rule of construction of mechanic's lien statutes is that, while the remedial portions of these statutes should be liberally construed, with a view to avoid defeating the purpose of the statute, yet those parts upon which the right to the existence of a lien depend, being in derogation of the common law, should be strictly construed." Morris v. Marsh, 3 Alaska, 144.

Chapter 28, title 12, of the Compiled Laws of Alaska definitely sets forth what the claimant must do in order that he may have a lien. No liberal construction is permitted to be applied to the mandatory requirement of the statute that the

claim of lien must be filed within the specified time, in order that it may become an actual lien, instead of a claim, and may charge the property with a special statutory liability.

The evidence shows that on the 20th day of May, 1913, the plaintiff, Irvine, and five of the other claimants, subscribed and swore to their respective claims for mechanics' liens; that the seventh claimant subscribed and swore to his claim for mechanic's lien on the 28th day of May, 1913, and that it was filed for record in the office of the recorder for the Fairbanks recording precinct on the same date. Irvine's claim was filed for record on the 7th of June, and the other claims were filed between the 27th of May and the 7th of June.

No lien exists until the claim of lien is filed as prescribed by statute. The provisions of the statute permit of no other construction. The statute plainly says to the claimant that, if a special security is desired, then the claimant must fully comply with the special provisions of the statute designed to afford such special security.

The evidence shows that all the claimants who assigned to Irvine, with the exception of one King, made such assignments prior to the time of filing their several claims with the recorder. The claimant King, on cross-examination, testified that he had made his assignment the day prior to May ——, 1915, the date on which he testified in the trial of this case.

Plaintiff's Exhibit I, introduced in evidence, reads as follows:

"For value received, I hereby assign and sell to Jack Irvine my claim against Angus McDougall for work and labor performed upon the Pioneer quartz mining claim at the head of Fairbanks creek, and also any and all rights which I may have by virtue of having filed a mechanic's lien for said amount upon said claim.

"James Fox.
"Donald Hayes.
"John Wensel.
"John H. Sully.
"Henry Berks.
"Tom King."

The evidence shows that at the time this instrument, which is not dated, was signed, the respective claimants, with the exception of King, had not filed their respective claims of lien, and therefore their liens as such were not assigned.

In each cause of action, except the first, in plaintiff's complaint, it is alleged:

"That subsequent to the filing of said lien said (claimant), for a valuable consideration, assigned said claim against said McDougall, and all rights by virtue of having filed said lien, to the plaintiff, who is now the owner and holder thereof."

In the absence of any statute to the contrary, the assignment of the claim before the perfection of lien destroys the right to lien. Noll v. Kenneally, 37 Neb. 879, 56 N. W. 722; Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638; Dexter, Horton & Co. v. Sparkman, 2 Wash. 165, 25 Pac. 1070.

See, also, Arndt v. Manger et al., No. 1858, Records of this Court (unreported).

It is stated in Boisot on Mechanics' Liens, § 10, as follows:

"In several of the states the statute expressly declares that mechanics' liens are assignable. Where this is the case, the question is, of course, at rest, so far as that state is concerned. But where the statute says nothing on that subject, the question of assignability depends mainly upon the point whether or not the lien has been perfected by filing the claim before the assignment is made. It nearly all the states the person claiming the lien is obliged, in order to perfect it, to file a claim, verified by affidavit, showing, among other things, the amount that is due to him for labor or materials furnished by him. If he has assigned the account before he filed his claim, he cannot truthfully swear that there is anything due him, because the debt is then due, not to him, but to his assignee. But his assignee cannot truthfully swear that he has either done work or furnished materials, and it is only to those who furnish either labor or materials, or both, that a lien is given. It follows, logically, from this reasoning, that a mechanic's lien, before being perfected by filing a claim, is not assignable; and a majority of the decisions so hold."

The mere right to a lien is not assignable. 27 Cyc. 255, 256.

Regarding the lien of Irvine, the plaintiff herein, the court finds from the evidence that he has a valid lien on the property described, as alleged in the first cause of action, and that his lien is superior to the attachment of the defendant Healey.

In accordance with the view herein expressed, findings of fact, conclusions of law, judgment, and decree may be prepared and submitted.