(July 25, 1921.)

NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Plaintiff and Appellant, also Plaintiff and Respondent, v. IDAHO COUNTY, STATE OF IDAHO, and SCHOOL DISTRICTS No. 36, No. 55, and No. 79, Defendants and Appellants, also Defendants and Respondents.

[200 Pac. 128.]

RIGHT OF APPEAL—PARTY AGGRIEVED.

A party not aggrieved by a judgment has no right of appeal therefrom.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Edgar C. Steele, Judge Presiding.

Action to recover taxes paid under protest. Judgment for plaintiff against defendant county. All parties appeal. Judgment affirmed and appeals of plaintiff and school districts dismissed.

James E. Babb and M. Reese Hattabaugh, for Appellant and Respondent, Northern Pacific Ry. Company.

E. M. Griffith and Roy L. Black, Attorney General, for Appellant and Respondent, Idaho County.

F. E. Fogg and C. H. Nugent, for Appellant and Respondent School Districts.

Counsel cite no authorities on point decided.

DUNN, J.—This is an action brought by plaintiff against the defendants to recover $983.75, which the plaintiff claims was levied by the defendants as a school tax on behalf of said school districts in excess of the amount that could legally be levied against the property of the plaintiff within

said school districts. This amount was paid by the plaintiff to the defendant county under protest and judgment therefor was rendered against the said defendant county. All of the defendants appealed from said judgment, but no brief was filed by the defendant county, nor was any appearance made on behalf of said defendant at the argument in this court. Examination of the record discloses no error. As to said defendant county, therefore, the judgment is affirmed with costs to plaintiff.

In the judgment against said county it is recited that upon payment by the county to the plaintiff of the sums for which judgment is rendered said county shall be entitled to recover of and from the said school districts the respective portions of said $983.75 received by said districts from said county, but no judgment is entered against said districts or any one of them, and there are no findings of fact or conclusions of law that would support a judgment against said districts or any of them. From this it appears that said districts are not aggrieved by said judgment and are therefore not entitled to appeal. Their appeal is accordingly dismissed, with costs to the plaintiff. (C. S., sec. 7151; *Adams v. Wood,* 8 Cal. 306; *Washington County Abstract Co. v. Stewart,* 9 Ida. 376, 74 Pac. 955; *Wiggin v. Swett,* 6 Met. (Mass.) 194, 39 Am. Dec. 716; *Swackhamer v. Kline's Admr.,* 25 N. J. Eq. 503.)

The school district defendants moved for a new trial which was denied, and they have appealed. An examination of the record convinces us that the trial court did not err in this, and its order denying said motion is affirmed.

The plaintiff has appealed from the judgment entered by the trial court and assigns as error the failure of the court to give it judgment against said school district No. 36 for $526.25, against school district No. 55 for $193.75 and against school district No. 79 for $263.75, less the commission of one and one-half per cent on each of said sums retained by the county for collection. The prayer of plaintiff's complaint was for "judgment against defendant county for said sum of $983.75 together with interest at 6 per cent thereon from

the date of payment of said sum; or, in the alternative, against the respective school districts receiving the same, if it shall be held and determined by this court that the county be not liable therefor.'' It appears from the judgment entered herein that plaintiff's prayer was fully answered. Having obtained a judgment for the full amount against the county, it did not seek a judgment against the districts, and for this reason has no ground for its appeal, which is dismissed with costs, if any, to said school districts.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.