## THE NATIONAL CITY BANK OF SALT LAKE CITY, UTAH, a Corporation, Appellant, v. IDAHO LUMBER COMPANY, a Corporation, et al., Respondents.

[229 Pac. 663.]

ATTACHMENT—PRORATING—RECEIVERSHIP—EFFECT OF RECEIVERSHIP ON ATTACHMENT LIEN—EFFECT OF RECEIVERSHIP ON RIGHT TO PRORATE.

1. Where one creditor has attached, the appointment of a receiver at the instance of another creditor does not defeat the attachment lien.

2. Where one creditor has attached, the appointment of a receiver at the instance of another creditor does not defeat the latter's right to prorate under the attachment statute, if he commences and prosecutes his action to final judgment according to the terms of the statute.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

---

Publisher's Note.

1. Effect of appointment of receiver for corporation upon enforcement of attachment lien, see note in 8 A. L. R. 459.

Attachment and receivership proceeding. Order denying certain creditor right to prorate. *Reversed.*

Stevens & Downing, for Appellant.

The appellant, the National City Bank of Salt Lake City, Utah, having reduced its claim to final judgment within sixty days after the first posting and publication of the notice of attachment, is entitled to prorate in the assets of the Idaho Lumber Company, held by the receiver, F. C. McGowan. (C. S., sec. 6781; *Greene v. Rice,* 32 Ida. 504, 186 Pac. 249; *Howard v. Grimes Pass Placer Min. Co.,* 21 Ida. 12, Ann. Cas. 1913C, 284, 120 Pac. 170; *Quirk v. Diana Mines Co.,* 34 Ida. 30, 198 Pac. 672.)

R. W. Jones, W. H. Witty, C. R. Clute, H. E. Ray and White & Bentley, for Respondents.

A receiver takes the property and holds the same as an officer of the court, subject to liens, priorities and equities existing at the time of his arraignment. (3 Cal. Jur., p. 501. sec. 84; 23 R. C. L., p. 56, sec. 60; 71 Am. St. 373, note.)

McCARTHY, C. J.—This appeal is taken from an order of the district court after judgment, denying appellant the right to prorate in the assets of the Idaho Lumber Company in the hands of a receiver. The respondents, the Grande Ronde Lumber Co., the Standard Coal Co., the Livestock State Bank, the Cutler Lumber Co. and appellant, all had claims against the Idaho Lumber Co., for convenience hereinafter referred to as the defendant. March 23, 1921, the Grande Ronde Lumber Co. brought this action against defendant and attached its property, the sheriff levying the attachment that same day. Proper service of summons was made, and April 25, 1921, defendant having failed to answer or plead, a clerk's default was entered. March 23, 1921, the Livestock State Bank brought an action against defendant, attached the property, and April 28, 1921, had a clerk's default entered. Similarly, April 7,

1921, the Standard Coal Co. brought an action against defendant, attached the property, and had a clerk's default entered on May 19, 1921. April 8, 1921, appellant also brought an action against defendant. Service of summons was made, and upon defendant's failure to answer or plead, a clerk's default was entered May 18, 1921. Upon filing its complaint appellant made an application for the appointment of a receiver, on the ground that defendant was insolvent, and had property to be cared for, and bills to be collected, which required the services of such an officer. F. C. McGowan was appointed receiver and defendant's property was turned over to him by the sheriff. May 3, 1921, the Cutler Lumber Co. brought an action against defendant. Service of summons was made, and on defendant's failure to plead a clerk's default was entered, May 12, 1921. April 28, 1921, an order of consolidation was made by which the first four cases above mentioned were consolidated. May 20, 1921, proofs of the respective claims in these cases were submitted, and a joint judgment was signed, which was filed in the office of the clerk May 21, 1921.

Thus in three of the five cases attachments were levied, but in the cases of appellant and the Cutler Lumber Co. attachments were not levied. The judgments were all final and were had in all of the cases within sixty days from the time of the filing of the first action in which an attachment was made, and within sixty days of the first posting and publication of the notice of attachment. The receiver's report showed insufficient money or assets of the defendant in his hands to pay the several judgments in full. May 17, 1922, appellant made a motion that it be permitted to prorate with other creditors as to defendant's assets in the hands of the receiver, and May 24, 1922, the Cutler Lumber Co. made a similar motion. These motions were denied and an order entered, June 2, 1922, granting the right to prorate to the three creditors who had attached, but denying it to appellant and the Cutler Lumber Co. From that order this appeal is taken.

Appellant assigns as error the denying of its motion for permission to prorate in the assets.

Appellant relies on the following provision of C. S., sec. 6781, in effect at the time of the proceedings in question:

"  . . . . Any creditor of the defendant who within sixty days after the first posting and publication of such notice shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of defendant's property where there is not sufficient to pay all judgments in full against him."

Respondent contends that appellant did not come in under the prorating statute, which it could have done without asking for a receiver, but waived its right in respect thereto by asking the equitable relief of the court under receivership; that the receiver, having been appointed after the levying of the three writs of attachment, took the property subject to such attachment liens, that after judgment the liens became impressed as of the date of the levy of the attachment, that therefore said claims are entitled to a preference, and should be paid first out of the moneys in the hands of the receiver.

This contention cannot be sustained. Nothing prevents the concurrent operation of both provisions of law. The object and effect of a receivership is simply to preserve the property for the benefit of all parties interested. It is an ancillary proceeding in equity. It does not assume to determine any of the rights of claimants, merely operates to preserve the property.

"The appointment of a receiver works no injury to the least right of any one. It would be strange if it did. The receiver is the hand of the law, and the law conserves and enforces rights—never destroys them. His appointment determines no right, and in no way affects the title of any party to the property in litigation." (*Von Roun v. Superior Court*, 58 Cal. 358.)

Consequently appellant by asking for a receiver did not waive its right to prorate under the attachment statute.

If the receiver takes the property and holds it as an officer of the court, subject to existing liens and equities, he holds it also subject to appellant's right to prorate, which right is coeval with the right arising from the attachment lien. itself, because the statute that creates the attachment lien gives appellant a right to prorate. If the receivership does not operate in derogation of the attachment proceeding itself, no more does it operate in derogation of the provision incorporated in our attachment law which allows the creditor who prosecutes his claim to judgment within sixty days to come in and prorate with the attaching creditor.

The court therefore erred in denying appellant's motion to prorate with the attaching creditors. The case is accordingly reversed and remanded to the trial court, with instructions to set aside the order appealed from and enter one in accordance with the views herein expressed. Costs to appellant.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.