### JOHNSON et al. v. HALLS et al.

Second Division.  Nome.  July 30, 1927.

### No. 3050.

**Mechanics' Liens ⟨key⟩5—Statutes—Construction.**

> The safe and proper rule of construction of mechanic's lien statutes is that, while the remedial portions of these statutes should be liberally construed, with a view to avoid defeating the purpose of the statute, yet these parts upon which the right to the existence of a lien depend, being in derogation of the common law, should be strictly construed.

The above-entitled action to foreclose laborers' liens upon certain placer mining claims situate in the Cape Nome recording district, territory of Alaska, came on for hearing on the 23d day of July, 1927, upon the complaint of the plaintiffs and the demurrer of the defendants Otto Halla and Robert Adler. The plaintiffs, as shown by the complaint, joined in the complaint, each claiming a foreclosure of his respective lien; each plaintiff, in the prayer for relief, claiming judgment for the relief to which, under the complaint, he deemed himself entitled.

The complaint sets out the respective causes of action of each plaintiff, stated separately, except that the plaintiffs, other than Gus Johnson, each reaffirm the allegations contained in paragraphs 1 and 2 of the separate cause of action of said plaintiff Johnson, and make the same a part of his cause of action. The respective lien claims made and filed are set out in hæc verba and made a part of the respective causes of action based upon said lien.

The demurrer states two grounds of demurrer: First, that several causes of action have been improperly united; second, that said complaint does not state facts sufficient to constitute a cause of action.

G. A. Adams and James Frawley, both of Nome, for plaintiffs.

O. D. Cochran, of Nome, for demurring defendants.

LOMEN, District Judge. Were it not for the provisions of chapter 13, Laws of Alaska, 1915, providing for the liens of laborers and miners working on, in, or about mines and mining

⟨key⟩See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property and the foreclosure thereof we should be inclined to hold that the demurrer is well taken on the first ground set up in the demurrer, but the joinder of the several causes of action and the parties plaintiff are expressly authorized by said chapter 13. Section 10 of said act provides that:

"Any number of persons claiming liens under this Act against the same property, may join in the same action. * * * Should a lien claim be filed for the same labor against two separate kinds of property owned or claimed by different persons, the court may adjudge the liability of each kind of property and designate which shall be sold first to discharge the amount of the lien claim. * * *"

Here the property was owned by one person.

Section 6 of said act provides in part:

"* * * Should the employment be continuous, or there be one contract of employment, the lien claimant may in one lien notice claim his lien against more than one of the different classes of property mentioned in section one of this act, provided the amount claimed against each separate class of property be specified, the property sought to be charged be identified sufficiently, and the name of the owner or reputed owner thereof be stated."

Section 11 of said act provides:

"No mistake in formality or lack of statement, either in the lien notice or pleadings, shall be ground for dismissal or unnecessary delay in the action to foreclose the lien. But substantial compliance with section 6 of this act relative to the contents of the lien notice shall be deemed sufficient, provided that such notice shall satisfactorily show the name of the claimant, the amount of his demand, the time of his employment, the property sought to be charged with the lien sufficient for identification and the name of the owner or reputed owner thereof. And the inclusion of nonlienable items in the amount of the claimant's demand, or error in the terms and conditions of the contract of employment, if there be any contract of employment, or other error in said lien notice, made in good faith, shall not be deemed material, unless such error shall effect the substantial rights of the adverse party acquired in good faith without notice. * * *"

Because we find that the complaint, and the several causes of action, and the lien claims filed, substantially comply with the mechanic's lien laws applicable to Alaska, and because it has been held in Irvine v. McDougall et al., 5 Alaska, page 300, that:

"The safe and proper rule of construction of mechanic's lien statutes is that, while the remedial portions of these statutes should be liberally construed, with a view to avoid defeating the purpose of the statute, yet these parts upon which the right to the existence of a

lien depend, being in derogation of the common law, should be strictly construed,"

—we feel justified in overruling the demurrer also on the second ground stated in the demurrer.    See, also, Morris v. Marsh, 3 Alaska, 144, and Pioneer Mining Co. v. Delamotte (C. C. A.) 185 F. 752.

In view of the argument made by defendants on the hearing of the demurrer, more especially with reference to the fact that paragraphs 1 and 2 of Gus Johnson's separate cause of action were reaffirmed and made part of the causes of action set forth by the other defendants, we observe that the second ground of the demurrer goes to the whole complaint, and not to any separate cause of action, so that, if the cause of action set out by the plaintiff Johnson is sufficient, the demurrer would have to be overruled.

Demurrer overruled, and defendants given 10 days in which to answer the complaint.