(No. 5144.   October 14, 1929.)

J. H. PRICE, Appellant, v. C. H. BRAY, Respondent.

[281 Pac. 470.]

S. T. Lowe, for Appellant.

T. M. Morris, for Respondent.

BRYAN, Commissioner.—On the twelfth day of September, 1925, in the district court of Cassia county, plaintiff Price instituted an action against one E. R. Russell to recover possession of all grain grown in the year 1925 on certain lands in the said county of Cassia. At the time of the institution of this action, plaintiff claimed immediate delivery of the grain, furnished a proper affidavit and undertaking in claim and delivery, on which affidavit there was indorsed a requisition addressed to the sheriff, requiring him to take possession of the said grain, which the sheriff proceeded to do. After the expiration of the period prescribed by statute and on September 25th, he delivered to the plaintiff 116 sacks of wheat, of which the amount in controversy was a part. At the time the wheat was so delivered to plaintiff, it was on the premises where it had been raised, on what was known as the Rosenberg ranch, which, the testimony shows, constituted a portion of the land described in the complaint. From the testimony it appears that respondent Bray had headed and threshed the wheat in controversy. Following delivery by the sheriff to the plaintiff demand was made upon respondent for the possession of the wheat, which demand was refused for the reason, as stated by respondent, that he claimed a lien on the same for his services in heading and threshing the wheat. On October 1, 1925, this action was commenced by appellant against respondent Bray to recover possession of 101 sacks of wheat, the same being a portion of the grain delivered to him by the sheriff in the case of *Price v. Russell*. Defendant answered, denying all the material allegations of the complaint. The trial court found that on January 15, 1921, in the justice court of Burley Precinct, Cassia county, judgment was duly entered in favor of appellant Price and against the said E. R. Russell, the identical person who was defendant in the action in claim and delivery brought by plaintiff herein on September 12, 1925, and in which

action the wheat above mentioned was by the sheriff delivered to appellant. The court further found that under an execution on said judgment of January 15, 1921, the constable of said precinct did, on August 19, 1925, duly sell to plaintiff all the interest of said Russell in and to the said crop.

The gist of the controversy is embodied in finding No. 9 in which it is asserted that the evidence fails to show that respondent ever wrongfully or unlawfully took or withheld said grain from the possession of the appellant. It is further found that respondent was rightfully in possession of the said wheat, and was entitled to hold the same to continue in force a lien for his labor in heading and threshing the same. Based on these findings, judgment was rendered in favor of respondent Bray. From this judgment appeal was taken.

Appellant's purchase, on August 19, 1925, at execution sale, of all the interest of Russell who produced the wheat, and the delivery of the same to him by the sheriff on September 25th in the action in claim and delivery, entitled appellant to possession against all persons except those who claimed under a paramount right. Respondent makes no claim to ownership or right of possession except through claim of lien for heading and threshing the grain. It is conceded that no claim of lien was filed, as prescribed by C. S., secs. 7372 and 7373. Construing these sections, this court, in the case of *Nohrnberg v. Boley*, 42 Ida. 48, 246 Pac. 12, held that farm laborers' liens being entirely of statutory creation, the person claiming the benefit of such lien must substantially comply with the statute, one of the essential requirements of which was that a claim of lien be filed. On rehearing, it was said that under C. S., sec. 7372, construed with sec. 7373, there is no farm laborer's lien during the sixty days allowed by the latter section for filing claim therefor, conforming to sec. 7362, but only an inchoate right thereto, lost by the claim not being filed. In the case of *Vollmer Clearwater Co., Ltd., v. Union Warehouse & Supply Co., Ltd.*, 43 Ida. 37, 248 Pac. 865, this construc-

tion of secs. 7372 and 7373 was approved. Under authority of these cases, respondent had no lien on the wheat in controversy. It follows that the appellant was entitled to possession of the same, as prayed for in the complaint.

I recommend, therefore, that the judgment be reversed, and the cause remanded with directions to the trial court to enter judgment in favor of appellant, together with the sum of $12.50 as damages for unlawful detention of the wheat in controversy. Costs to appellant.

The foregoing is approved as the opinion of the court. The judgment is reversed, and the cause remanded with directions to the trial court to enter judgment in favor of appellant, together with the sum of $12.50 as damages for unlawful detention of the wheat in controversy. Costs to appellant.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.