(No. 5731.   October 8, 1931.)

OLEN LINCH, LEWIS LINCH, ROLAND BAIRD, EATHEN FULLER, MILTON MORROW, JOHN BRYDSON, RALPH TIPPETT, JOE MORGAN, S. H. JONES, CHARLES STANTON and HARRY BOWERS, Appellants, v. I. B. PERRINE and HORTENSE PERRINE, His Wife, REILLY ATKINSON & COMPANY, INC., a Corporation, BOISE–PAYETTE LUMBER COMPANY, a Corporation, INTERMOUNTAIN PRODUCE COMPANY, a Corporation, H. B. LONG and E. F. PRATER, Sheriff, Respondents.

[4 Pac. (2d) 353.]

Turner K. Hackman, for Appellants.

S. T. Hamilton, Bothwell & Chapman, Chas. A. North and Frank L. Stephan, for Respondents.

VARIAN, J.—Action to foreclose farm laborers' liens. The complaint alleges that appellants were employed by I. B. Perrine and wife to perform labor upon, and render assistance in caring for, a crop of apples growing upon the southwest quarter of Section 28, Twp. 9 S., R. 17 E., B. M., and the north half of Section 23, Twp. 9 S., R. 17 E., B. M., during the season of 1930.

Respondent Intermountain Produce Company is alleged to have purchased the entire apple crop of the Perrines,

and respondents Reilly Atkinson & Company, Inc., and Boise-Payette Lumber Company are alleged to have attached moneys in the hands of the Intermountain Produce Company and E. F. Prater, sheriff (who defaulted and did not answer the complaint), is alleged to have in his hands certain moneys, the proceeds of the sale of the Perrine apples.

At the close of the plaintiffs' case the action was dismissed as to Mrs. Perrine by agreement of counsel. It was likewise dismissed as to two plaintiffs, Roland Baird and Milton Morrow, shown to have been paid.

At the close of their evidence plaintiffs were granted leave to amend their complaint to conform to the proof. Intermountain Produce Company, Boise-Payette Lumber Company and Reilly Atkinson & Company, Inc., respondents, joined in a motion for nonsuit, which was granted. Judgment for the amount of the several labor claims and costs of suit was entered against I. B. Perrine, and denying any lien to plaintiffs.

In a separate judgment, entered at the same time, nonsuits were decreed, costs of respondents were adjudged against plaintiffs, and the moneys in the clerk's hands, paid into court by the Intermountain Produce Company when it answered, were decreed to be paid to respondents Reilly Atkinson & Company, Inc., and Boise-Payette Lumber Company.

Plaintiffs appeal from both judgments.

The first assignment of error is to the effect that the court erred in denying a lien to each of appellants.

The description of the property sought to be charged is identical in each notice of claim of lien and is substantially as follows:

"claims a lien upon that certain crop of apples grown upon the following real estate in Twin Falls County, Idaho, to-wit: Southwest Quarter Section 28, Township 9 South, Range 17 E., B. M., and the North half of Section 23, Township 9 South, Range 17 E., B. M., for labor performed and assistance rendered in irrigating and caring for said crop during the growing season of 1930; etc."

■ The evidence discloses that the labor was performed upon the Blue Lakes ranch, situate in Snake River canyon, part of which is on the south side of said river in Twin Falls county and part lying on the north side thereof in Jerome county. There are no apple trees growing in Section 23, Twp. 9 S., R. 17 E., B. M., which is still in sagebrush and lava rock, and is entirely in Jerome county. Only a three-acre triangular piece of Section 28, Twp. 9 S., R. 17 E., B. M., lies south of the river and in Twin Falls county, the remainder of said section being in Jerome county. There are no fruit-trees on said three-acre tract. It is undisputed that no "crop of apples" was grown upon the premises described in the liens during the times mentioned in the lien notices, or at all.

C. S., sec. 7372, grants a lien to "Any person who does any labor on a farm or land in tilling the same, or in cultivating, harvesting, threshing, or housing any crop or crops raised thereon" for such labor.

C. S., sec. 7373, as amended Sess. Laws 1923, chap. 33, p. 36, as amended Sess. Laws 1927, chap. 182, p. 245, provides that one claiming such a lien must file a "claim" for record with the county recorder in the county in which said labor was performed, "which shall be in substance in accordance with the provisions of Sec. 7362," providing for the enforcement of loggers' liens. This last section provides that the notice of claim of lien, among other requirements, shall contain a description of the property to be charged with the lien, sufficient for identification, with reasonable certainty, . . . . "

This court has held that one claiming the benefit of the farm laborers' lien law must substantially conform to the requirements of the statute before he is entitled to a lien. (*Nohrnberg v. Boley,* 42 Ida. 48, 246 Pac. 12; *Price v. Bray,* 48 Ida. 268, 281 Pac. 470.)

One of the requirements undoubtedly is that the property sought to be charged with the lien must be described in the recorded notice of claim of lien "sufficient for identification, with reasonable certainty."

Bearing in mind that the lien granted by the statute is against the crop, and not against the land, the crop should be described so that it may be identified with reasonable certainty. Where no attempt is made to describe the crop other than as a crop of apples grown upon certain lands, when in fact no apple trees were growing upon the lands described, it is clear there was no crop and therefore no lien could attach.

Construing similar statutes to those under consideration, it has been held that a notice of claim of lien upon "that certain crop of wheat, being about 450 acres in quantity, being about 850 number of sacks of wheat which was raised by said Austin upon the following described premises, situated in Walla Walla County, State of Washington, to wit:" and properly describing the premises, was not sufficient to establish a lien, since it failed to state where the wheat was, its quality or kind, or the character, size or markings of the sacks. (*Dexter v. Olsen,* 40 Wash. 199, 82 Pac. 286; approved in *Northwestern Grain Co. v. Kerr Gifford Warehouse Co.,* 76 Wash. 689, 136 Pac. 1154.)

And in construing a statute similar to our C. S., sec. 7362, as to the contents of the notice of claim of a loggers' lien, the supreme court of Oregon held that a notice describing certain unmarked logs without stating definitely where located was fatally defective. (*Shultz v. Shively,* 72 Or. 450, 143 Pac. 1115.)

It is clear, therefore, that appellants failed to describe the crop in the case at bar with sufficient certainty to entitle them to liens.

At the trial and while appellants were putting in their evidence they moved the court for leave to amend the notices of claim of lien to read "Section 33" instead of "Section 23," etc., so as to bring it within Twin Falls county. The court denied the motion, which is also assigned as error.

Our lien statutes do not expressly or impliedly authorize amendments of the notice of claim of lien as is the case in

some states, as appears from the reports of cases cited by appellants.

The great weight of authority in dealing with mechanics' liens, in the absence of a statute permitting amendment of the notice or claim of lien, is that it cannot be amended after the time for filing a lien has elapsed, and, in some jurisdictions, where the rights of third parties have intervened. (40 C. J. 252, 253; Boisot on Mechanics' Liens, sec. 463; Rockel on Mechanics' Liens, sec. 123; 2 Jones on Liens, 3d ed., sec. 1455; 18 R. C. L. 943, sec. 79; see note to Ann. Cas. 1915A, 58 et seq.) And this court has approved the action of a trial court in refusing to permit plaintiff to reform, in equity, a description in the notice of claim in an action to foreclose a mechanic's lien (see *Lus v. Pecararo*, 41 Ida. 425, 238 Pac. 1021), which is in harmony with the general rule. (18 R. C. L. 943, *supra;* Kerr (Bender-Moss) on Mechanics' Liens, sec. 415; *Lindley v. Cross*, 31 Ind. 106, 99 Am. Dec. 610; and cases cited in note to Ann. Cas. 1915A, 58, supra.)

We see no valid reason why the rule involving mechanics' liens should not logically apply to the farm laborers' lien statutes under consideration here, and therefore hold that after the statutory time for filing notice of claim of a farm laborers' lien has expired, it cannot be reformed or amended. (*Dexter v. Olsen, supra; Northwestern Grain Co. v. Kerr Gifford Warehouse Co., supra.*)

In any event, the proposed amendment would not cure the defect in the description. The court did not err in refusing to permit amendment.

Error is predicated upon the action of the trial judge in denying appellant's motion for judgment upon the pleadings before the introduction of any evidence. The answers of the respondents denied generally the allegations of the complaint and, it is contended, attempted to deny a matter of record "upon information and belief," viz., the record "of the filing of the labor liens." The allegation in the complaint as to each lien claimant is, "that plaintiff's lien was filed" on a certain date, and recorded on

a certain date in book 9 of liens, etc. The general denials in the answers simply deny that the *lien* was recorded, not that the "claim" referred to in C. S., sec. 7373, as amended, or the "notice of claim" required by C. S., sec. 7362, were recorded, etc. The lien itself is intangible and is not susceptible of recordation. What the statute requires to be recorded is the notice that one claims a lien, etc. To entitle plaintiffs to judgment on the pleadings defendants' admissions must be clear, distinct and unequivocal. (34 C. J. 143, sec. 346.) The complaint also alleged that respondent Boise-Payette Lumber Company has filed a civil action against the Perrines, and has also attached moneys in the hands of the Intermountain Produce Company under their purchase of apples from the Perrines. Appellant contends that the general denial in the answer of Boise-Payette Lumber Company "was a denial that it had an attachment against Perrine," and therefore no interest in the money in question. Even so, purely as a question of pleading, that is no ground for a judgment on the pleadings. Said respondent might have an interest in the moneys by reason of a right to pro rate under the attachment of Reilly Atkinson & Company, Inc., or otherwise. It was not necessary for it to levy an attachment provided it brought its action within thirty days after the levy of the first attachment and diligently prosecuted it to judgment. (C. S., sec. 6781, as amended Sess. Laws 1921, chap. 206, p. 416; *Greene v. Rice*, 32 Ida. 504, 186 Pac. 249; *National City Bank v. Idaho Lumber Co.*, 39 Ida. 677, 229 Pac. 663; *Evans v. Power County*, 50 Ida. 690, 1 Pac. (2d) 614.)

It is finally contended that the court erred in allocating the moneys deposited in court to the Boise-Payette Lumber Company, and the Reilly Atkinson & Company, Inc., there being no evidence submitted as to their rights in the premises. Appellants' only claim to the moneys in question was grounded upon their labor liens. Their liens having failed, in the particulars before mentioned, they in fact had no liens. Therefore they had no interest in the moneys and cannot complain as to their disposition by the

court, since they are not aggrieved thereby. (See *Northern Pac. Ry. Co. v. Idaho County,* 34 Ida. 191, 200 Pac. 128; *Flannigan v. Towle,* 8 Cal. App. 229, 96 Pac. 507; *Dayton v. McAlister,* 129 Cal. 192, 61 Pac. 913.)

Finding no reversible error both judgments are affirmed. No costs allowed.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.