**SULLENS & HOSS, Inc.**
v.
**FARVOUR et al.**

No. A–6779.

District Court, Alaska
Third Division.

Jan. 18, 1954.

Bailey E. Bell, Anchorage, Alaska, for plaintiff.

Davis, Renfrew & Hughes, Anchorage, Alaska, for assignees, Hugh W. Pruett and Evelyn M. Pruett.

McCARREY, Jr., District Judge.

This cause of action arose upon a lien filed by the plaintiff against property belonging to the defendant, Henry E. Farvour, for building supplies and materials sold by the plaintiff to him between May 1, 1950 and October 9, 1950, and while the defendant made a token payment upon this indebtedness, there is an unpaid remaining balance in the sum of $1,340.82. In compliance with Territorial Law, the plaintiff filed a lien against Lot Eighteen (18) Block Four (4), and Lot One (1) Block Twenty-six (26) Fairview Subdivision Extension, located in Sections Ten (10) and Eleven (11) Township Thirteen (13) North, Range Three (3) West of the Seward Meridian, according to the map and plat thereof on file in the Office of the United States Commissioner, ex-officio Recorder, Anchorage Precinct, Territory of Alaska.

None of the defendants appeared in said action and in due course an order of default was signed and entered against the defendants on the 26th day of June, 1952, and a decree entered accordingly.

Thereafter, a special execution and order of sale was issued on June 27, 1952, upon the above described and liened property and in conformance with said execution and order of sale, notice of marshal's sale was issued on the 30th day of September, 1952.

The files of the case further reveal that on the 30th day of April, 1953, the judgment obtained in this Court was assigned to Hugh W. Pruett and Evelyn M. Pruett in consideration of the sum of $1,851.60, and thereafter, on the 8th day of July, 1953, an execution was issued against Lot 18, Block 4, Fairview Subdivision Extension, located in Sections 10 and 11, Township North, Range 3 West, Seward Meridian, Alaska, toward the satisfaction of such judgment.

On the 3rd day of November, 1953, the assignees, Hugh W. and Evelyn M. Pruett, by and through their attorneys, made a motion upon the Court "for an order amending the description in the judgment entered in the above captioned matter on the 26th day of June, 1952, in respect to the first lot therein described, to the extent and purpose that the description contained in said judgment may read as follows:

"All and the whole of Lot Eighteen (18) in Block Four (4) of the Fairview Subdivision, and Lot One (1) in Block Twenty-six (26) of the Fairview Subdivision Extension, located in Sections Ten (10) and Eleven (11), Township Thirteen (13) North, Range Three (3) West, Seward Meridian, according to the map and plat thereof on file in the office of the United States Commissioner and ex-officio Recorder for the Anchorage Recording Precinct, Alaska."

on the grounds that through inadvertence, clerical error or mistake, the description now reads as if Lot 18 in Block 4 were located in the Fairview Subdivision Extension instead of being located as is in fact the case, in the Fairview Subdivision of the Section, Township and Range therein described.

"This motion is made pursuant to Rule 60 of the Federal Rules of Civil Procedure [28 U.S.C.A.] and is based on the affidavit of the plaintiff in the above entitled action, hereto attached and by reference made a part hereof."

In support of said motion, M. W. Hoss, as President of plaintiff corporation, filed an affidavit and set forth, among other things, the following:

"and that your affiant has a full knowledge of the facts surrounding the entry of judgment herein and is acquainted with the facts in respect to the delivery of the materials or rendition of labor which was the basis for the claim of lien mentioned in plaintiff's complaint; that the testimony of your affiant as given in the above captioned matter was, to the best knowledge, information and belief of your affiant, misunderstood or that through other error or omission the description contained in the judgment insofar as it affects the subdivision in which Lot 18 in Block 4 is situated;

"That your affiant knows of his own knowledge that the Subdivision in which Lot 18 in Block 4 is located is the Fairview Subdivision and is not the Fairview Subdivision Extension and that your affiant never at any time knowingly intended to claim a lien on Lot 18 in Block 4 of the Fairview Subdivision Extension but only intended to claim a lien in respect to Lot 18 in Block 4 of the Fairview Subdivision.

"That to the best knowledge and belief of your affiant the Fairview Subdivision Extension lies on the south side of the Palmer Highway, as is reflected by the maps and plats thereof on file in the United States Commissioner's office, and that the Fairview Subdivision lies on the north side of the Palmer Highway, and that the subject matter of the lien involved in the litigation in the above captioned matter was delivered to Lot 18 in Block 4 fronting on Hoyt Street in the Fairview Subdivision, and accordingly there is no question in the mind of your affiant but what the lien, judgment, assignment of judgment and execution should properly be amended to reflect the modification requested in the motion of the assignees hereto attached, and the undersigned affiant joins in the requested modification and consents to a modification of the assignment of judgment and in the other consequential changes to reflect the correct description of the property as hereinabove recited."

The motion for the order was further supported by an affidavit filed by Nancy J. Simpson, who was a clerk in the office of the attorneys for the assignees, and set forth, among other things,

"that she is familiar with the maps and plats on file in the office of the United States Commissioner and ex-officio Recorder for the Anchorage Precinct, and in particular of the maps and plats regarding the Fairview Subdivision and the Fairview Subdivision Extension, both located in Mountain View, Alaska; that your affiant knows of her own knowledge that no Lot 18 in Block 4 is shown on the map of the Fairview Subdivision Extension but a Lot 18 in Block 4 is shown on the map of the Fairview Subdivision, which said lot faces Hoyt Street in Mountain View, Alaska."

Based upon the motion, the matter was set down for hearing for argument of counsel for the judgment assignees.

Petitioner's salient arguments are that the lien laws are to be liberally construed and that 26–9–5, A.C.L.A.1949, in spirit at least, allows the amendment. Said section provides:

"No mistake in formality or lack of statement, either in the lien notice or the pleadings, shall be ground for dismissal or unnecessary delay in the action to foreclose a lien. Substantial compliance with the provisions of law, relative to the contents of the lien notice shall be deemed sufficient, provided that such notice shall satisfactorily show the name of the claimant, the amount of his demand, the time of his employment, the property sought to be charged with the lien sufficient for identification * * *. The inclusion of non-lienable items in the amount of the claimant's demand or error in the terms and conditions of the contract of employment * * or other error in the lien notice, made in good faith, shall not be deemed material, unless such error shall affect the substantial rights of the adverse party, acquired in good faith without notice; and the lien notice and pleadings may be amended at any time before judgment * * *."

To recapitulate, substantial compliance with the law shall be sufficient as to the contents of the lien notice. In regard to the property description, the yardstick seems to be whether the notice sufficiently identifies the property sought to be charged. If this test is met, apparently no amendment would be necessary. Further, "other errors" in the notice shall not be deemed material, unless such error shall affect the substantial rights of the adverse parties. If, then, the error is not material under this criterion, amendment of the lien notice and pleadings may be allowed at any time before judgment.

The first question is whether, according to the touchstone of sufficient identification, there is substantial compliance with the lien notice requirements in the first place.

On this, it is said to be sufficient if it enables a person familiar with the locality to identify the premises as the only property corresponding with such description, 36 Am.Jur., Section 148, page 102, Mechanics' Liens; or, whether it will enable one familiar with the locality to identify with reasonable certainty the property on which the lien is intended to be claimed. 57 C.J.S., Mechanics' Liens, § 161, p. 683. If it is found that these tests are met, such a substantial compliance would seem to exist, and, as I understand it, no amendment would be necessary.

The second question to be considered is whether amendment should be allowed.

In the absence of statute, it is generally held that a mechanic's lien claim or notice cannot be materially amended or reformed, even in equity, after the expiration of the time prescribed by statute for the filing of the claim. 36 Am.Jur., Mechanics' Liens, Section 152. Unless authorized by statute, a mechanic's lien claim may not be amended after the expiration of the time for filing. 81 A.L.R. p. 361.

In various jurisdictions statutes confer authority for the making of the amendment after the expiration of the

time for filing, though the statutes vary a great deal in their details. Particular statutes are set forth in Linch v. Perrine, 51 Idaho 152, 4 P.2d 353, 81 A.L.R. 355. I find no statute exactly like that of Alaska. Even where these statutes are present, however, the Courts do not permit amendment where the lien is fatally defective, as where it is defective in substance and not in form, or where, for some reason, the amendment sought would be in effect the filing of a new claim. Nor will amendment be allowed after the time for filing so as to affect the rights of a bona fide purchaser or encumbrancer, or intervening rights of other third parties.

And, even if it be found that the lien is not fatally defective or that the rights of others are not impaired, there is a very serious question of whether, under the Alaskan statute, an amendment may be made after judgment. An Oklahoma case, Ketcham v. Cunliff, 77 Okl. 287, 187 P. 1095, permitted amendment after judgment, but in that case the statute allowed amendment where for similar reasons a pleading could be amended. On this point, it has been held that statutes providing for amendment of notices are to be liberally construed in favor of claimants after the lien has once attached. 81 A.L.R. 365. On the other hand, in the absence of a statute, no amendment at all would be allowed, and it is arguable that this case is not within the authority of the statute.

As to the construction of the lien laws generally, 26–9–13, A.C.L.A. 1949, declares that the intent of the Act is remedial and the provisions shall be liberally construed. But, as stated in Johnson v. Halls, 7 Alaska 638 and Irvine v. McDougall, 5 Alaska 300:

> "The safe and proper rule of construction of mechanic's lien statutes is that, while the remedial portions of the statutes should be liberally construed, with a view to avoid defeating the purpose of the statute, yet these parts upon which the right to the existence of a lien depends,

being in derogation of the common law, should be strictly construed."

Accordingly, the motion of the assignees of the judgment to allow amendment to and correct the description is denied.