523 P.2d 518

Scott ROSS, Plaintiff-Respondent,

v.

Harlan OLSON and Beverly Olson, husband
and wife, Defendants-Appellants,
and

Ralph Groefsema and Dorothy Groefsema,
husband and wife, Defendants.

No. 11149.

Supreme Court of Idaho.

June 13, 1974.

Robert F. McLaughlin, Mountain Home,
for defendants-appellants.

Francis H. Hicks, Hicks & Kennedy,
Mountain Home, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal by defendants-appel-
lants Harlan Olson and Beverly Olson

from a judgment in favor of plaintiff Scott Ross in an action to foreclose a contractor's lien.

The action arose out of a contract between defendant-appellant Harlan Olson and plaintiff-respondent Scott Ross, a Mountain Home paving contractor, whereby Ross installed an asphalt mat in a feed lot on an Elmore County dairy farm which the Olsons were purchasing under escrow contract from Ralph and Dorothy Groefsema. The district court found that the oral contract between the parties, negotiated in November, 1968, called for installation of an asphalt mat at least two inches in thickness at an agreed price of $1.85 per square yard of asphalt and $2.50 per cubic yard of gravel used. The district court further found that neither Ross nor Olson was an expert in the design and installation of asphalt mats in cattle feeding lots, that the particular installation in question was in the nature of an experiment by both parties, that there were no clearly drawn specifications as to the method or manner of performing the work, and that there was no definite agreement between the parties as to the time within which the job was to be completed. Evidence on certain of these points was conflicting, but the above findings of the district court are amply supported by evidence in the record and will not be disturbed on this appeal. Mitchell v. Flandro, 95 Idaho 228, 506 P.2d 455 (1972); Durfee v. Parker, 90 Idaho 118, 410 P.2d 962 (1965).

Plaintiff Ross commenced work on the project by hauling and placing thirty-seven cubic yards of gravel at the site in November of 1968. In October or November of 1969, plaintiff Ross hauled an additional seventy-two cubic yards of gravel and installed an asphalt mat over the gravel with a total area of 933 square yards. Defendant Olson was dissatisfied with the job and at his request plaintiff returned and installed more asphalt on top of the existing asphalt in May or June of 1970. After respondent Ross completed work on the project, defendant Olson refused to make further payments on the contract beyond the amount of $300 previously advanced. On June 26, 1970, respondent Ross filed a notice of claim of lien under the provisions of I.C. § 45–507. In the notice of claim of lien, which named the Olsons and the Groefsemas as the owners and reputed owners of the property in question, the premises on which the asphalt mat was located were erroneously described as:

"The North one-half of the Southeast Quarter of the Northeast Quarter of Section 30, Township 4 South, Range 7 East, Boise Meridian."

It emerged at trial that the correct description of the premises in question was actually:

"The *South* one-half of the Southeast Quarter of the Northeast Quarter of Section 30 Township 4 South, Range 7 East, Boise Meridian." (Emphasis added)

On December 15, 1970, plaintiff-respondent Ross commenced this action to foreclose his lien, by filing a complaint in district court naming the Olsons and the Groefsemas as defendants. In his complaint, which contained the same erroneous property description as the notice of claim of lien, Ross sought recovery of the unpaid contract price of $1,999.10, less setoffs of $600, plus interest, costs and attorney fees.

In their answer, the defendants demanded full proof of the claim of lien and as an affirmative defense alleged breach of contract on the part of Ross. Defendants Harlan and Beverly Olson also counterclaimed for damages stemming from Ross' alleged failure to install a mat of the quality prescribed and within the time allowed under the parties' agreement.

The non-jury trial in this action was held in two stages. At the first stage of trial, the plaintiff called defendant Harlan Olson for cross-examination as an adverse witness pursuant to I.R.C.P. 43(b) and I.C. § 9–1206, and briefly questioned him as to the extent of acreage being purchased from the Groefsemas under the escrow contract and the location of the Olsons' house, barn, and milksheds on the property.

During the statutory cross-examination, Olson acknowledged that the only paving work done for him by Ross was the installation of the asphalt mat and admitted that he was not misled by the erroneous property description in the claim of lien. During the course of the trial, the district court permitted amendment of the erroneous property description in Ross' complaint.

After hearing all the evidence the district court granted plaintiff Ross judgment against the Olsons for the unpaid contract price of $1,999.10 less $601 setoffs, plus interest, costs, and $500 attorney fees. The district court also ruled that Ross was entitled to a contractor's lien on the Olsons' equitable interest as vendees in a certain described tract of land, such having been found necessary for the convenient use and occupation of the asphalt mat. I.C. § 45–505. In upholding Ross' lien, in spite of the erroneous property description contained in the claim of lien, the district court relied on the facts that Olson had not been misled and the rights of innocent third parties were not prejudiced.

Noting that there was no evidence that the conditional vendors, the Groefsemas, had authorized the purchase of the asphalt mat, the district court determined that the plaintiff was not entitled to a recovery from the Groefsemas and that their interest in the property in question was not subject to foreclosure. The district court also found that damages purportedly suffered by defendant Harlan Olson on account of plaintiff Ross' alleged breach of contract were speculative and conjectural and adjudged that the Olsons should take nothing on their counterclaim. The district court ordered foreclosure of Ross' lien on all of the Olsons' right, title and interest in the described parcel of land.

■ On this appeal, Harlan and Beverly Olson challenge Ross' right to a contractor's lien on several grounds, the principal one being that the erroneous description of the real property on which the asphalt mat was purportedly located rendered the claim of lien fatally defective. In our opinion,

appellants' contention has merit and requires reversal of that portion of the judgment decreeing foreclosure of Ross' claimed lien on the Olsons' equitable interest in the parcel of property covered by the asphalt mat.

■■ The well-established rule in Idaho is that mechanic's and laborer's lien statutes "are to be liberally construed so as to effect their objects and to promote justice." Metropolitan Life Ins. Co. v. First Sec. Bank of Idaho, 94 Idaho 489, 493, 491 P.2d 1261 (1971). However, because the right to a mechanic's lien is purely statutory, Utah Implement-Vehicle Co. v. Bowman, 209 F. 942 (D.Idaho 1913); G. E. Osborne, Mortgages § 214 (2nd Ed. 1970), at least a "substantial compliance" with the requirements of the lien statutes is necessary for the creation of a lien. Layrite Prod. Co. v. Lux, 86 Idaho 477, 388 P.2d 105 (1964). Idaho Code § 45–507 requires that a mechanic's lien claim must contain "a description of the property to be charged with the lien sufficient for identification." Although the rule may be different with regard to a description which is merely loose, vague, or ambiguous, where the real property description in a mechanic's lien claim notice is "unambiguously erroneous" and describes with exactitude the wrong parcel of real property, substantial compliance with the statute is not achieved, and the claim of lien is invalid. Linch v. Perrine, 51 Idaho 152, 4 P.2d 353 (1931); Lus v. Pecararo, 41 Idaho 425, 238 P. 1021 (1925); Brunecz v. DiLeo, 263 Md. 481, 283 A.2d 606 (1971); Kuntz v. Partridge, 65 N.W.2d 681 (N.D. 1954); Duncan Box & Lbr. Co. v. Stewart, 126 W.Va. 861, 30 S.E.2d 391 (1944). See generally, Annot., 52 A.L.R.2d 12 §§ 5(c), 14 (1957).

■ In the instant case, respondent Ross' claim of lien, filed June 26, 1970, contained an explicit and unambiguous description of the wrong parcel of land on the Olsons' farm, upon which no portion of the improvement giving rise to the lien was located. The district court found, on

the basis of substantial competent evidence, that Ross' installation of the asphalt mat was completed in May or June of 1970. The error in description in the claim of lien and in Ross' complaint was apparently not discovered until trial in May of 1971, and no attempt to amend the description was made until that time. Idaho Code § 45–507 requires that an original contractor file a claim of lien no later than ninety days after the completion of the improvement. In the absence of statutory authorization, a defective claim of lien may not be amended after the statutory period for filing the claim has expired. Linch v. Perrine, *supra*; Lus v. Pecararo, *supra*. Therefore, although amendment of Ross' complaint was permissible under the provisions of I.R.C.P. 15(b), such amendment could not remedy the fatal defect in the claim of lien based on an improvement which was completed almost a year previously.

Because respondent Ross' claim of lien contained a completely erroneous description of the location of the improvement, and such defect was not timely remedied, his lien must fail and with it his right to attorney fees. I.C. § 45–513; Layrite Prod. Co. v. Lux, 91 Idaho 110, 416 P.2d 501 (1966); Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 (1956).

■ Our conclusion that respondent Ross did not succeed in preserving a lien on the Olsons' interest in the real property designated by the district court and is not entitled to foreclosure, does not invalidate his personal judgment against the Olsons for moneys due on the underlying contract, less setoffs. I.C. § 45–515; Mitchell v. Flandro, *supra*; Lus v. Pecararo, *supra*. As mentioned above, ample evidence in the record supports the district court's finding that the asphalt mat project was in the nature of an experiment on the part of both parties and that there were no clearly drawn specifications nor agreement between the parties as to the time within which the job was to be completed. The action of the district court in awarding judgment to respondent Ross represents an

implicit finding that Ross had performed in accordance with what was promised and that there was no breach by Ross. This factual determination finds substantial support in the evidence and is not clearly erroneous. We will not disturb such determination on this appeal. I.R.C.P. 52(a); Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972).

■ In regard to appellants' counterclaim for damages for breach of contract, which was rejected by the district court, the district court did not err in holding that the loss of anticipated or hoped-for savings resulting from the delayed installation of an experimental and untried feeding apparatus was too speculative a basis to support an award of damages. Jolley v. Puregro, 94 Idaho 702, 496 P.2d 939 (1972); C. R. Crowley, Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063 (1959); Head v. Crone, 76 Idaho 196, 279 P.2d 1064 (1955).

■ Appellants contend that the district court erred in permitting statutory cross-examination of defendant Harlan Olson by plaintiff's counsel which went beyond the scope of the privilege afforded by I.R.C.P. 43(b) and I.C. § 9–1206. Appellants point to the general rule that such cross-examination of the adverse party is limited to matters which are peculiarly within his knowledge and which are not otherwise readily available. *E. g.*, Cox v. Widmer, 94 Idaho 451, 490 P.2d 318 (1971). The statutory cross-examination of Olson was very brief, and was primarily directed to eliciting Olson's admission that he was not misled by the partially inaccurate property description in the notice of claim of lien. Such fact was certainly a matter peculiarly within defendant Olson's personal knowledge. Plaintiff did not attempt to present his entire case by means of defendant's testimony, *cf.* Cox v. Widmer, *supra,* nor did he attempt to inquire exhaustively into defendant's case, so as to reverse the order of proof, *cf.* Boeck v. Boeck, 29 Idaho 631, 161 P. 576 (1916). We find no abuse of the district court's discretionary control

 

over the scope of statutory cross-examination in the instant case.

 It appears that an error in subtracting the $601 in setoffs from the unpaid contract price of $1,999.10 resulted in judgment being entered for plaintiff Ross in the amount of $1,308.10 instead of $1,398.10 in unpaid principal. If this discrepancy is merely the result of inadvertence, the district court is hereby authorized pursuant to I.R.C.P. 60(a) to modify the judgment to reflect the correct amount actually due the respondent.

In view of our disposition of this appeal, appellants' other assignments of error relating to the validity of the claimed lien and the proposed foreclosure need not be considered.

The judgment of the district court is reversed insofar as it decrees foreclosure of respondent Ross' lien and awards him $500 in attorney fees. The case is remanded for entry of a judgment consistent herewith.

No costs allowed.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.