## HOWARD v. BRANCHAWK MINING CO. et al.

Third Division. Cordova. December 29, 1923.

No. C–256.

1. **Pleading** ⬡⟾245(4)—**Amendments.**

Under the liberal rule of amendments prevailing in Alaska, plaintiff was entitled to amend her complaint to conform to the proofs at any time before judgment.

2. **Mechanics' Liens** ⬡⟾249—**Mines and Minerals—Evidence.**

On the trial of a foreclosure of a mechanic's lien, the lien was offered in evidence. A rubber stamp form of certificate of its filing and recording by the recorder appeared upon the paper, but it was not signed by the recorder. The lien, therefore, was proof of nothing but its own contents. The certificate, not being signed, proved nothing. This failure of proof is absolutely fatal to the lien in this case.

3. **Mechanics' Liens** ⬡⟾279—**Evidence.**

It is absolutely essential that a lien claimant prove that he did work beneficial to the property within 30 days before the filing of the lien. If he fails to do that, his lien is lost. There must be some positive affirmative proof of the last day of work, and in this case there is none.

Frank H. Foster, of Cordova, for plaintiff.
Edward F. Medley, of Cordova, for defendants.

RITCHIE, District Judge. This is a suit to enforce a lien claimed by plaintiff against defendants for work as cook for men working upon the mining property of the defendant corporation. The mining property was leased to G. M. Wells, and was operated by an association, known as the "Engineer Syndicate," of which said Wells was manager. Defendants allege that plaintiff and her husband, Fred Howard, were members of and working for said syndicate. Plaintiff claimed that she was employed as cook by the said G. M. Wells. In her complaint she sues upon a quantum meruit, but in her testimony she undertook to prove a contract with Wells for $5 a day, which testimony was not contradicted. Counsel for the defendants objected to this testimony, on the ground that it was a variance from plaintiff's complaint. This was technically true, but under the liberal rule of amendments prevailing in Alaska, plaintiff was entitled to amend her complaint to con-

⬡⟾See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

form to the proofs at any time before judgment. The objection became immaterial, because of the findings of the court upon the whole testimony.

Plaintiff began work about June 1, 1922, and continued, according to her statement, until December 3, 1922. About September 9, 1922, the defendants posted notices in writing upon the ground as required by law, stating that they would not be liable for any wages incurred by reason of the operations of the Engineer Syndicate upon the ground.

The posting of the nonliability notice raised the question whether or not plaintiff could hold the mining ground for her wages after the notice was posted. The provision of the statute is that, in order to protect his interest from liability for wages for labor in or about a mine, an owner must post a nonliability notice within 10 days after he obtains knowledge of the work. The question arises, then, whether, if the owner fails to post such notice within 10 days, he can post it at any time thereafter and protect himself from further liability after such posting. If he can, then plaintiff's claim of lien necessarily fails, because she did not file the lien, according to her own statement, until December 28, 1922, much more than 30 days after the posting of the notice. If, on the other hand, failure to file the notice within 10 days after learning of the work bars the owner from availing himself of the right at any time thereafter, plaintiff's claim of lien is good, provided she did in fact file her lien within 30 days after ceasing to work. A plausible argument can be made in favor of either of these views of the law, but because of the findings of fact which the court makes in this case it is unnecessary to decide the issue.

No sufficient proof was given at the trial of the filing of the lien. A rubber stamp form of certificate by the recorder appears upon the lien which was introduced in evidence, but it is not signed by the recorder. The lien therefore was proof of nothing but its own contents. The certificate, not being signed, proved nothing. Section 525 of the Alaska Code provides that the record of a conveyance duly recorded, or transcript thereof duly certified by the Commissioner in whose office the same may have been recorded, may be read in evidence in any court in the district, but in this case there is no certificate showing that the lien ever was recorded. This failure of proof is absolutely fatal to the lien in this case.

Plaintiff's proof is also fatally defective in failing to show affirmatively that she performed any work within 30 days prior to the alleged filing of the lien, to wit, December 28, 1922. Plaintiff herself only testified that two men, her husband and his brother, worked until the latter part of November, 1922. When asked when they ceased working at the mine, she answered:

"They did considerable up there until the latter part of November.
"Q. In the tunnels? A. I don't know where."

When asked to fix the time in November, she said:

"Well, I know the men went up there after the 15th. I don't know how much time they put in."

Plaintiff's husband, Fred Howard, testified that he and his brother worked on the mill "up to within a very few days of the time we came out." He was unable to fix the time positively. This is a total failure of affirmative proof that any work was done on the property as late as November 28. If plaintiff's work terminated before that day, the lien must fail, even assuming that it was filed December 28, 1922. It is absolutely essential that a lien claimant prove that he did work beneficial to the property within 30 days before the filing of the lien. If he fails to do that, his lien is lost. Clearly the court cannot legally guess, from the testimony of Mr. and Mrs. Howard, that work was done up to within a few days of their leaving the camp on December 3, 1922, that work was actually done as late as November 28. There must be some positive affirmative proof of the last day of work, and in this case there is none.

The testimony of plaintiff and her husband shows that, after about November 15, 1922, plaintiff and her husband and her husband's brother and his wife were the only persons in the camp. Inasmuch as it is admitted that the Howards were interested in the Engineer Syndicate and in the lease, it is doubtful whether the court could, by any stretch of opinion, find that Mrs. Howard was doing work tending to develop the property, when she was only cooking for her husband. It is not necessary, however, to pass on that fact. The decision of the court must rest on the utter failure to prove that any work upon the mining property was done within 30 days prior to December 28. This finding, of course, is in addition to the finding that there is no proof that the lien ever was filed. Both defects are fatal.

It may be that on a rehearing plaintiff can remedy these two defects. She may be able to prove that her lien was actually filed December 28, 1922, and that she was cooking as late as November 28 for men who were doing work actually beneficial to the property; but, on the evidence as it stands, it is impossible to make any finding in her favor.