**LANE et al. v. GILBERTSON et al.**

**No. 11384.**

Circuit Court of Appeals, Ninth Circuit.

March 10, 1947.

Bailey E. Bell and Warren A. Taylor, both of Fairbanks, Alaska, for appellants.

Cecil H. Clegg, of Fairbanks, Alaska, for appellees G. Gilbertson and H. Gilbertson.

Before DENMAN, HEALY and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment denying appellants recovery for services and materials claimed to be furnished appellees and holding that no lien exists upon the premises to which services were rendered and in which the materials were installed.

Appellants attack findings of the district court that the parties "* * * entered into an oral agreement whereby plaintiffs agreed to furnish an adequate first-class heating system for the building of said defendants known as 'The Ranch,' upon the land described in the Amended Complaint herein, and to install the same in said building, and that said defendants agreed to pay therefor the reasonable and customary value of the same.

"II. That between the 1st day of October, 1944, and the 16th day of December, 1944, plaintiffs installed an alleged heating system in said building; that the same was not adequate to heat said building and was not a first-class job, but, in fact, was not of any reasonable value whatsoever, except the two unit radiators therein which were of the reasonable value of $195.00."

Appellants claim there is no evidence to support such findings and that the evidence shows the particular materials furnished and services rendered were at the request and under the supervision of the defendant partners, by whom they were accepted.

We agree. It appears that in the beginning of the negotiations George Gilbertson stated to Lane "we wanted a heating plant, we wanted a good plant in there. A plant that would keep it warm," but there is no evidence that appellants then or thereafter contracted to give such a plant. On the contrary, George Gilbertson, an experienced steamfitter, supervised the installation of the materials furnished. Because of this appellants agreed they would not include the cost of superintendence as part of their services.

When the installations were finished, the steam plant worked unsatisfactorily and badly sooted up the building and gave insufficient heat. However, the evidence is

that this was due to an oil burner fitted under the steam boiler which the parties knew was of questionable efficiency. It was fitted in because of lack of another more suitable burner in the shortage of such materials in Alaska during the war. When a proper burner was fitted in the sooting discontinued and the boiler gave the expected heat.

Since the installation of the boiler and its steamfitting was under the superintendence of appellees and with their knowledge of the character of the materials, the evidence required a decision for appellants for the value of the services and materials and the judgment to the contrary is ordered reversed.

With regard to the filing of the lien, it appears there is evidence from which the court could infer that none of the services claimed to have been rendered or the materials claimed to be furnished were rendered and furnished within the 90 days prior to the filing of the lien as required by Section 1987 of the Compiled Laws of Alaska, and we order affirmed the judgment of the district court that there is no lien.

It is further ordered that appellants have judgment against the appellees for 75 percent of the costs on appeal.

Affirmed in part and reversed in part.